The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MAURICE KING, LEWIS KING, GLEN YOSHIOKA, DYLAN WALL, SARA WHITE, and AMERICAN MARRIAGE MINISTRIES, a Washington non-profit corporation,<br><br>　　　　　Defendants<br><br>AMERICAN MARRIAGE MINISTRIES, a Washington non-profit corporation,<br>　　　　　Counter-Claimant/<br>　　　　　Third-Party Plaintiff,<br><br>v.<br><br>UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit corporation; and UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, INC., a Washington non-profit corporation,<br>　　　　　Counter-Defendant and<br>　　　　　Third-Party Defendant. | Case No. 2:19-CV-00301-RSL<br><br>**DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION**<br><br>**NOTE ON MOTION CALENDAR: March 27, 2020**<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION - 1**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 37, Fed. R. Civ. P. 26, and LCR 37, Defendant and Counter-Claimant American Marriage Ministries (hereinafter "AMM") moves for an Order compelling Plaintiff and Counter-Defendant Universal Life Church Monastery Storehouse (hereinafter "ULC") to respond and produce documents responsive to Defendant's First Set of Requests for Production.

## II. CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1), defense counsel engaged in extensive conferral with counsel for ULC on its inadequate production of documents in response to AMM's discovery requests. *Roberts Decl.* at ¶¶ 6, 7, 10, 11. Counsel last met and conferred in good faith by telephone on March 6, 2020 in an effort to obtain the outstanding discovery without the Court's intervention. *Roberts Decl.* at ¶¶ 10, 11. While the parties were able to resolve some issues, the parties reached an impasse as to the issues presented below. AMM therefore respectfully requests the assistance of the Court to resolve this discovery dispute.

## III. STATEMENT OF FACTS

**A.  Factual Background**

This case arises from a dispute between Plaintiff ULC and Defendant AMM, two rival online marriage ordination organizations. Dkt. 27, 28. Both ULC and AMM are Washington nonprofit corporations. Dkt. 27 ¶ 1, 3; Dkt. 28 ¶ 3.

Individual Defendants Maurice King, Glen Yoshioka, and Dylan Wall were former employees of ULC. Dkt. 28, p. 3. On or about July 2009, they left ULC and formed their own competing online marriage ordination organization, AMM. Dkt. 28, p. 9. ULC was not receptive to AMM's entry into the online marriage ordination industry and began attacking the newly-formed entity. In March 2019, ULC filed the instant action asserting claims against

DEFENDANT AND COUNTER-CLAIMANT AMERICAN
MARRIAGE MINISTRIES' MOTION TO COMPEL
PRODUCTION  - 2
Case No. 2:19-CV-00301-RSL

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

AMM for violation of the Lanham Act, violation of the Washington Consumer Protection Act, and Defamation *Per Se*, alleging that AMM made defamatory, false, or misleading statements about the two organizations on AMM's websites. Dkt. 1, 27.

AMM filed counterclaims asserting that ULC made several defamatory, false, or misleading statements about AMM on ULC's websites. AMM further asserted that ULC was infringing on AMM's trademark "American Marriage Ministries" and that it was cybersquatting on a domain name of the same name. Dkt. 6, 28. AMM raised counterclaims for Trademark Infringement, Cybersquatting, False Advertising and Commercial Disparagement violations of the Lanham Act, Unfair Competition in violation of the Washington Consumer Protection Act, Defamation *Per Se*, Trade Libel, and Common Law Trademark Infringement. Id.

Both parties seek injunctive relief and monetary damages including statutory damages and disgorgement of the profits gained from the alleged tortious conduct.

**B.   Procedural History**

AMM served its First Set of Interrogatories and Requests for Production on June 26, 2019. *Roberts Decl.* at ¶ 2. ULC served its responses and objections on August 9, 2019, and produced its first batch of documents on August 20, 2019. *Roberts Decl.* at ¶ 3. AMM served its Second Set of Interrogatories and First Set of Requests for Admission on October 10, 2019, and it expects to serve a Second Set of Requests for Production this week.

AMM engaged in extensive conferral with ULC regarding the inadequacy of its discovery responses and production of documents. AMM sent ULC a letter on October 11, 2019, stating that ULC's responses and production of documents was deficient and seeking to meet and confer. *Roberts Decl.* at ¶ 5. Counsel discussed the problems with ULC's production on a conference call on October 24, 2019. *Roberts Decl.* at ¶ 7. ULC agreed to supplement its production but did not do so until January 22, 2020. *Roberts Decl.* at ¶ 8. ULC's

**DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION  - 3**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

supplemental responses and supplemental production of a mere 54 additional pages was still deficient in a number of respects, including in ULC's failure to produce any financial records and failure to provide information documenting how many ministers it has ordained.

On February 26, 2020, AMM sent ULC another letter outlining the continuing deficiencies with ULC's production of documents and seeking another conference call to meet and confer. *Roberts Decl.* at ¶ 9. AMM specifically noted in the letter that ULC's continued withholding of critical financial records was prejudicing AMM's ability to obtain expert reports by the upcoming March 18, 2020 deadline. Id. On March 6, 2020, defense counsel met and conferred with ULC on its willingness to produce the outstanding documents, including the financial records needed for expert reports on damages. *Roberts Decl.* at ¶ 10. ULC took the position that the financial records that AMM requested were not discoverable and that it would continue to withhold them. *Roberts Decl.* at ¶ 11.

To date, ULC produced 1,489 pages of documents consisting largely of customer service correspondence, internal correspondence about website development, court filings, screenshots of websites, and various publicly available documents. *Roberts Decl.* at ¶ 10. The only documents that could even remotely be characterized as financial records are: (1) a Google Analytics report that provides limited information about revenue derived directly from certain webpages; and (2) paystubs and payroll summaries for the individual defendants who were former ULC employees.

## IV.   ARGUMENT

Defendant AMM respectfully requests that the Court order Plaintiff to produce documents in response to its First Requests for Production pursuant to Fed. R. Civ. P. 26 and 37, and award AMM its reasonable attorneys' fees incurred by having to bring this motion. ULC's withholding of discoverable evidence is preventing the parties from fully being able to proceed with depositions, from obtaining expert witness reports, and from otherwise moving

**DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION - 4**
Case No. 2:19-CV-00301-RSL

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

this case forward. In part due to ULC's refusal to produce these documents, AMM is seeking an extension of the discovery deadline as indicated in its separately filed Motion for Relief from Deadline and Request for a Continuance.

1.  **Discovery Standard**

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). "That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is not privileged and that is 'relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Wagafe v. Trump*, No. 2:17-CV-00094-RAJ, 2018 WL 348470, at *1 (W.D. Wash. Jan. 10, 2018) (first internal citation omitted; then quoting FRCP 26(b)(1)); *Estate of Makarowsky ex rel. Gast v. Lobdell*, No. 10-CV-5423-RBL, 2012 WL 5207541, at *2 (W.D. Wash. Oct. 22, 2012) ("Discovery is broad in scope and biased toward discovery."). A party's failure to produce documents under Rule 26 is grounds for an order compelling production and for appropriate sanctions, including attorneys' fees. Fed. R. Civ. P. 37(a)(3); *Warner v. Am. Family Mut. Ins. Co.*, No. 2:16-CV-01056-RAJ, 2017 WL 735964, at *1 (W.D. Wash. Feb. 24, 2017).

2.  **ULC's Deficient Production of Documents**

As noted above, to date, ULC produced only approximately 1,500 pages of documents consisting largely of publicly available documents, such as documents from Trademark Trial and Appeal Board proceedings, court opinions and orders, website screenshots, and documents

**DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION - 5**
Case No. 2:19-CV-00301-RSL

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

filed with the Washington Secretary of State. The rest of its production primarily consists of customer service correspondence and some limited internal correspondence.

AMM conferred with ULC about its inadequate production on more than one occasion. In each conferral ULC agreed to produce slightly more information, and AMM awaits a supplementation promised by ULC this week (and reserves its rights to compel production of the promised materials if they are not forthcoming). However, ULC refuses to produce documents in response to the following requests for production, and AMM therefore moves to compel production in response to these requests:

> **REQUEST FOR PRODUCTION NO. 4:** DOCUMENTS sufficient to show YOUR assets and liabilities.
>
> **REQUEST FOR PRODUCTION NO. 5:** DOCUMENTS sufficient to show assets and liabilities of any corporate entities related to YOU.
>
> **REQUEST FOR PRODUCTION NO. 34:** DOCUMENTS demonstrating the current number of users ordained by YOU.
>
> **REQUEST FOR PRODUCTION NO. 42:** DOCUMENTS YOU contend demonstrate any loss of income.

<u>RFPs 4, 5, 42</u>:  Each of these RFPs seeks information that might bear on AMM's or ULC's damages case.  In its meet and confer calls and corresponding letters in preparation for and in follow up to those calls, AMM agreed to place a temporal limitation on these RFPs, limiting them to the time period of January 1, 2014, to present.  However, ULC refuses to produce any financial statements or other financial documents showing its assets or liabilities or any documentation demonstrating a change or loss in ULC's income during this time.  ULC also refuses to produce any financial records for corporate entities related to ULC.

ULC's withholding of this information is puzzling, as ULC requested AMM's financial records in ULC's Requests for Production. AMM already provided hundreds of pages of

**DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION  - 6**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

financial records in response to ULC's requests. Despite the fact that the claims of each side generally mirror each other and ULC's own request for like information from AMM, ULC contends that AMM's requests seek information that is "not relevant."

In contending that this information is not "relevant," ULC misses the fact that the information *is* likely to lead to the discovery of admissible evidence, which is why AMM produced the information in discovery. In order to evaluate the degree to which ULC may have profited off of its tortious conduct, AMM requires information about how ULC's financial position changed during the period of tortious conduct and about how ULC allocated its resources during this time. This includes information about what efforts ULC may have undertaken financially to promote infringing or defamatory web content, but it is also includes information about other ways that ULC may have dedicated resources, so that AMM can account for the impact of actions unrelated to this case in determining how the actions at issue in this case actually affected ULC's business.

AMM seeks financial records not only for ULC but also for any corporate entities related to ULC for a reason: so that it can determine whether ULC is strategically hiding misbegotten benefits from its tortious conduct in another company. This is especially needed in this case as ULC appears to have a complicated relationship with other organizations bearing variations on the "Universal Life Church" name, the full nature of which AMM has yet to decipher. This complicated relationship and the potential intertwined nature of ULC's corporate structures bears on certain defamation claims related to statements about ULC and what entities constitute ULC. AMM is also aware that a number of ULC board members sit as board members of other entities with variations on the "Universal Life Church" name. Additionally, the entity AMM understands to be the Plaintiff identified itself in other court proceedings using slightly different names, e.g., "Universal Life Church Monastery Storehouse, Inc." (as opposed to "Universal Life Church Monastery Storehouse"). AMM therefore wishes

**DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION - 7**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

to ensure that it obtains all pertinent financial records for ULC, even if those records technically belong to an entity besides Plaintiff whose exact relationship with Plaintiff remains murky.

AMM understands ULC's concern about sharing this sensitive information with a direct competitor, but, as it has reminded ULC, the parties have a Protective Order in place to shelter sensitive information of exactly this sort while still allowing it to be considered to the extent necessary for the parties to put on their respective cases. ULC, as the plaintiff, opened itself up to the discovery of sensitive information of this sort by filing a lawsuit, and AMM is entitled to obtain the discoverable information it requires to defend itself and to prosecute its counterclaims.

**RFP 34**: This RFP seeks documents demonstrating the number of ministers ordained by ULC. At the March 6 meet and confer, ULC took the position that it would not produce this information unless AMM identified all statements made by ULC that could be regarded as false or misleading concerning the number of ministers ULC ordained. While AMM stated that it was not required to provide such statements in order to procure this discoverable information, it nonetheless identified that ULC conflated itself with other organizations bearing the name "Universal Life Church" and appeared to be taking credit for a number of ordinations by those other unrelated organizations. Specifically, AMM identified such a statement on the homepage of https://themonastery.org and the "About ULC" page on the https://ulc.org websites. However, ULC still has not agreed to provide this information or produced any documents indicating the number of ministers it has ordained.

Notably, ULC propounded a similar request for documents showing the number of ministers AMM has ordained. AMM anticipates providing this information if it is able to do so.

///

///

**DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION - 8**
Case No. 2:19-CV-00301-RSL

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**3.     Prejudice to AMM**

Due to ULC's failure to make adequate production of responsive, nonprivileged documents, AMM has been materially prejudiced in its ability to complete discovery and to meet the case scheduling deadlines currently in place for this case.

Both parties allege that the other made false, misleading, defamatory statements about them online. Both parties seek disgorgement of the other's profits obtained through the allegedly tortious conduct. AMM in particular believes the evidence will show that ULC's acts to defame AMM and/or to infringe on AMM's trademark and/or to cybersquat on a domain name consisting of AMM's trademark and trade name have hurt AMM's business and benefited ULC's business by damaging AMM's reputation and sending prospective customers who may have sought ordination services from AMM to instead obtain the same services from AMM's direct competitor, ULC.

In order to explore its theory about the effects of ULC's tortious statements and cybersquatting, AMM requires information about ULC's business during the damages period, including financial records, to permit AMM to evaluate how the two businesses grew during the relevant time frame, and to assess the degree to which any growth in business might be attributable to tortious conduct or not. ULC suggested that the only relevant financial information is contained in the Google Analytics report it provided. This is untrue. The standard for discoverability is whether the information is likely to lead to the discovery of admissible information.  In reality, the Google Analytics report provides only a narrow sliver of the information required to assess the true impact of ULC's statements about AMM, versus other actions taken by ULC to promote its business, on any change or growth in ULC's business during the damages period. The financial records AMM seeks, and the information

///

///

**DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION  - 9**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

AMM requested about ULC's number of ministers, all are likely to lead to the discovery of admissible evidence. Indeed, these documents, combined with AMM's own like records, are likely to be the foundation of at least an expert opinion on damages.

ULC's withholding of these documents is particularly prejudicial insofar as it compromises AMM's ability to meet the upcoming March 18, 2020, deadline for initial expert reports. AMM's anticipated experts are unable to reach any meaningful or complete opinions about this case without a chance to review the requested documents about ULC's business and financial situation.

AMM anticipates that, unless ordered by the Court, ULC will continue to withhold requested documents about ULC's business. AMM seeks an order from the Court compelling ULC to produce the documents requested in response to AMM's Requests for Production 4, 5, 34, and 42.

**4.    Request for Attorneys' Fees**

If a motion to compel is granted, or if requested discovery is provided after the motion is filed, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. *Warner v. Am. Family Mut. Ins. Co.*, No. 2:16-CV-01056-RAJ, 2017 WL 735964, at *1 (W.D. Wash. Feb. 24, 2017). Pursuant to Rule 37(a), AMM requests that the Court award AMM its reasonable attorneys' fees incurred in bringing this motion and responding to ULC's opposition, in an amount to be demonstrated in a later motion.

///

///

///

///

///

**DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION - 10**
Case No. 2:19-CV-00301-RSL

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## V. CONCLUSION

For the reasons set forth above, AMM respectfully requests an Order from the Court compelling ULC to produce financial records and other documents responsive to AMM's Requests for Production No. 4, 5, 34, and 42. AMM additionally requests that the Court award AMM its costs incurred in bringing this motion, including reasonable attorneys' fees.

DATED this 12th day of March 2020.

BETTS, PATTERSON & MINES, P.S.


By: */s/ Sheeba Roberts*
    Anne Cohen, WSBA No.: 41183
    Sheeba Roberts, *Pro Hac Vice*
    Email: acohen@bpmlaw.com
           sroberts@bpmlaw.com

    Kelly A. Mennemeier, WSBA No.: 51838
    Nancy V. Stephens, WSBA No. 31510
    Benjamin J. Hodges, WSBA No. 49301
    FOSTER GARVEY P.C.
    1111 Third Ave., Suite 3000
    Seattle, WA 98101-3292

    Of Attorneys for Maurice King, Lewis King, Glen Yoshioka, Dylan Wall, Sarah White, and American Marriage Ministries

**DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION  - 11**
**Case No. 2:19-CV-00301-RSL**

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2020, the foregoing **DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION** was electronically filed with U.S. District Court for the Western District of Washington through the CM/ECF eFiling system.

I further certify that on March 12, 2020, I served a copy of the foregoing on:

| | |
|---|---|
| Michael P. Matesky, II<br>Matesky Law LLC<br>1001 4th Ave., Suite 3200<br>Seattle, WA  98154<br>**Fax: 206-701-0332**<br>**Email:  litigation@mateskylaw.com**<br>*Of Attorneys for Plaintiff* | Michael B. Galletch<br>Puget Sound Business & Litigation PLLC<br>411 University Street, Suite 1200<br>Seattle, WA  98101<br>**Fax:  ---**<br>**Email:  mike@psbizlit.com**<br>*Of Attorneys for Plaintiff* |
| Kelly Ann Mennemeier<br>Nancy V. Stephens<br>Benjamin J. Hodges<br>Foster Garvey P.C.<br>1111 Third Ave., Suite 3000<br>Seattle, WA  98101-3299<br>**Fax: 206-447-9700**<br>**Email:  Kelly.mennemeier@foster.com**<br>Nancy.stephens@foster.com<br>Ben.hodges@foster.com<br>*Of Attorneys for American Marriage Ministries* | |

\_\_\_\_\_ by mailing to each of the foregoing a copy thereof, placed in a sealed envelope addressed as listed above and deposited in the United States mail at Portland, Oregon, and that postage thereon was fully prepaid.

\_\_\_\_\_ by facsimile transmission to the number shown above.

  X    by additional e-service through the E-Filing system, if party was registered.

  X    by courtesy email to the email addresses shown above.

*/s/ Carrie J. Cook*
Carrie J. Cook, CP
Legal Assistant/Certified Paralegal

**DEFENDANT AND COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION  - 12**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988