1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE WESTERN DISTRICT OF WASHINGTON

10
11

UNIVERSAL LIFE CHURCH MONASTERY
STOREHOUSE, a Washington non-profit
corporation,

Case No. 2:19-CV-00301-RSL

12

Plaintiff,

13

v.

14
15
16

MAURICE KING, LEWIS KING,
GLEN YOSHIOKA, DYLAN WALL,
SARA WHITE, and AMERICAN
MARRIAGE MINISTRIES, a Washington
non-profit corporation,

17

Defendants

**DEFENDANT AND COUNTER-
CLAIMAINT AMERICAN MARRIAGE
MINISTRIES' MOTION TO COMPEL
PRODUCTION OF DATA AND
DOCUMENTS FROM PLAINTIFF
UNIVERSAL LIFE CHURCH
MONASTERY STOREHOUSE
AND
MOTION TO EXTEND SCHEDULING
DEADLINES BY 30 DAYS**

18
19
20

AMERICAN MARRIAGE MINISTRIES, a
Washington non-profit corporation,
                    Counter-Claimant/
                    Third-Party Plaintiff,

v.

**The Honorable Robert S. Lasnik**

21
22
23
24
25

UNIVERSAL LIFE CHURCH MONASTERY
STOREHOUSE, a Washington non-profit
corporation; and UNIVERSAL LIFE
CHURCH MONASTERY STOREHOUSE,
INC., a Washington non-profit corporation,
                    Counter-Defendants/
                    Third-Party Defendants.

**NOTING DATE: May 8, 2020
ORAL ARGUMENT REQUESTED**

DEFENDANT AND COUNTER-CLAIMAINT AMERICAN MARRIAGE
MINISTRIES' MOTION TO COMPEL PRODUCTION OF DATA AND
DOCUMENTS FROM PLAINTIFF UNIVERSAL LIFE CHURCH
MONASTERY STOREHOUSE AND MOTION TO EXTEND SCHEDULING
DEADLINES BY 30 DAYS - Case No. 2:19-CV-00301-RSL

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## I.  MOTION

Pursuant to FRCP 37, FRCP 26, and LCR 37, Defendant/Counter-Claimant American Marriage Ministries ("AMM") moves for an Order compelling Plaintiff/Counter-Defendant Universal Life Church Monastery Storehouse ("ULC") to produce documents responsive to Defendant's Second Set of Requests for Production ("Second RFP") as well as copies of insurance policies for ULC.  AMM seeks documents relating to ULC's web analytics, marketing efforts, intellectual property, and financials, including revenue and profits, all of which are directly relevant to the claims and defenses at issue in this matter.

## II.  CERTIFICATE OF COMPLIANCE

Pursuant to FRCP 37(a)(1) and LCR 37(a)(1), defense counsel engaged in extensive conferral with counsel for ULC on its refusal to produce documents and data in response to AMM's Second RFP.  (See Cohen Decl., Exs. 1, 2.)  Counsel for AMM, Anne Cohen, Kelly Mennemeier, and Sheeba Roberts, and counsel for ULC, Michael Matesky and Michael Galletch, met and conferred in good faith by telephone on April 17, 2020, in an effort to resolve the issues pertaining to the outstanding discovery without the need for the Court's intervention. (Id.) Because the parties were unable to resolve the issues, AMM respectfully requests the assistance of the Court to resolve this dispute.

## III.  STATEMENT OF FACTS

### A.  FACTUAL BACKGROUND

This case arises from a dispute between Plaintiff ULC and Defendant AMM – two rival online ordination organizations that are Washington non-profit corporations.  (Dkts. 27, 28.) Both entities' source of revenue is online web traffic and sales.  Defendants Maurice King, Glen Yoshioka, and Dylan Wall were former employees of ULC.  (Dkt. 28, p. 3.)  King, Yoshioka, and Wall left ULC and, on or about July 2009, Yoshioka and Wall formed their own online ordination organization, AMM.  (Dkt. 28, p. 9.) ULC was not receptive to AMM's entry into the

**AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL AND MOTION TO EXTEND SCHEDULING DEADLINES - 1 Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

online ordination industry and began attacking the newly formed entity.  Sometime in June or July 2011, ULC purchased the domain name www.americanmarriageministries.com and began to host a website at that address.    (Dkts. 23, 54-5.)    For some time, the website at www.americanmarriageministries.com appeared to be run by AMM but was, in fact, run by ULC and directed traffic to another ULC website, www.themonastery.org, for ordination services and related goods. The website was later modified to contain claims that AMM ordinations were "legally invalid."  ULC also operates at least two webpages on which it uses AMM's trademark without authorization. (Dkt. 28, ¶ 61; ¶ 110.)  After AMM became aware of the imposter website at the americanmarriageministries.com address, it sent a cease and desist letter.  ULC refused. Seeking to avoid litigation with ULC, AMM set up its own website to clarify the differences between ULC and AMM.

In March 2019, ULC filed the instant action asserting claims against AMM for violation of the Lanham Act, violation of the Washington Consumer Protection Act ("CPA"), and Defamation per se, alleging that AMM made defamatory, false, or misleading statements about ULC on AMM's websites.  (Dkts. 1, 27.)  ULC also sued five individual defendants, all of whom are board members or directors of AMM.

AMM filed counterclaims against ULC for Trademark Infringement, Cybersquatting, False Advertising, and Commercial Disparagement in violation of the Lanham Act, as well as Unfair Competition in violation of the Washington CPA, Defamation per se, Trade Libel, and Common Law Trademark Infringement. AMM asserts that ULC is infringing on AMM's trademark "American Marriage Ministries" and cybersquatting on a domain of the same name, and that ULC made defamatory, false, or misleading statements about AMM on ULC's websites. (Dkts. 6, 28.)  Both ULC and AMM seek injunctive relief and monetary damages, including statutory damages and disgorgement of profits.  (Dkts. 1, 6, 27, and 28.)

///

**AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL AND MOTION TO EXTEND SCHEDULING DEADLINES - 2 Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

FG:53727537.3

B.     **PROCEDURAL HISTORY**

On March 12, 2020, after extensive conferral with counsel for ULC, AMM filed a Motion to Compel.  (Dkt. 53.)  AMM sought documents showing the assets and liabilities of ULC and its related entities, ULC's ordination numbers, and documents showing any loss of income.  In its opposition, ULC argued that AMM was not entitled to the financial information AMM sought for two reasons: (1) because, according to ULC, AMM's requests for financial documents sought only a "list" that would be a mere "snapshot in time" that "does not reflect purchases or profits," and (2) because the requests did "not reflect sales."  (Dkt. 58, p. 1.)

On March 13, 2020, AMM propounded a Second RFP to ULC, more specifically asking for the kinds of relevant information that ULC refused to provide in response to the First Set of Requests.  For instance, AMM's Second RFP to ULC included more detailed requests for financial documents for the years 2009-2019, including the following:

**REQUEST FOR PRODUCTION NO. 50:**  Plaintiff's tax Return Forms (including but not limited to 990 forms) for the years 2009–2018.

**REQUEST FOR PRODUCTION NO. 51:**  A complete copy of any electronic QuickBooks file for Plaintiff in .QB or .QBB format from 2009-2019.

**REQUEST FOR PRODUCTION NO. 52:**  2009–2019 Annual Balance Sheet Reports for Plaintiff (Preferred in Excel format).

**REQUEST FOR PRODUCTION NO. 53:**  2009–2019 Monthly Profit and Loss Statements for Plaintiff (Preferred in Excel format).

**REQUEST FOR PRODUCTION NO. 54:**  2009–2019 General Ledger Reports for Plaintiff (Preferred in Excel format).

**REQUEST FOR PRODUCTION NO. 56:**  2009–2019 Detailed Sales Reports for Plaintiff, by SKU # and description (or type of product) (Preferred in Excel Format).

**REQUEST FOR PRODUCTION NO. 58:**  Plaintiff's business plans, budgets and/or projected financial and operating results for e-commerce business units (including projections for each key source of revenue, including licensing or royalty income streams).

AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL
AND MOTION TO EXTEND SCHEDULING DEADLINES - 3
Case No. 2:19-CV-00301-RSL

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

FG:53727537.3

1

2

**REQUEST FOR PRODUCTION NO. 59:** Documents relating to Plaintiff's capital raising or fundraising strategies, including documents reflecting equity or debt and internal cost of capital or required rate of return.

3

4

**REQUEST FOR PRODUCTION NO. 60:** Documents reflecting the proportion of the ULC's revenues derived from products or services from the rights in all Intellectual Property owned by ULC.

5

6

**REQUEST FOR PRODUCTION NO. 61:** Copies of any non-privileged third-party analysis or valuations of ULC.

7

8

9

**REQUEST FOR PRODUCTION NO. 71:** Documents including any internal analysis and/or third-party reviews of ULC; and/or valuation or analysis of the ULC's intellectual property assets.

10

**REQUEST FOR PRODUCTION NO. 72:** Documents including notes and or data related to the historical costs incurred to create ULC's IP Assets.

11

12

13

14

**REQUEST FOR PRODUCTION NO. 73:** Documents identifying, discussing, and/or analyzing ULC's major competitors, and/or comparable entities including, but not limited to: product line description, estimated revenues or market share, relative strengths and weaknesses, known expansion plans or acquisitions, what entities might be potential new entrants into this space.

15

16

Though the new requests include requests for the very type of financial information that ULC concedes is relevant — sales and profits — ULC still refuses to produce financial records.

17

18

19

20

AMM's Second RFP also sought documents and data relating to ULC's website analytics and marketing efforts in an effort to determine the full extent of ULC's infringement on AMM's mark, as well as how much of an advantage ULC gained from that infringement. Those requests are as follows:

21

22

23

**REQUEST FOR PRODUCTION NO. 46:** Documents including analytic data related to website visits to Plaintiff's websites, including, but not limited to, the time visitors remain on the site and number of page views per unique visitor.

24

**REQUEST FOR PRODUCTION NO. 47:** Electronic access to Plaintiff's website analytics in read-only form.

25

AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL
AND MOTION TO EXTEND SCHEDULING DEADLINES - 4
Case No. 2:19-CV-00301-RSL

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**REQUEST FOR PRODUCTION NO. 48:**  Plaintiff's social media analytics data.

**REQUEST FOR PRODUCTION NO. 49:** Documents containing a description of Plaintiff's online and traditional promotional programs, including marketing and advertising campaigns involving Internet advertising, social media, or search engine optimization (SEO).

**REQUEST FOR PRODUCTION NO. 57:**  For each of the websites identified in AMM's counterclaims, a 2012-2019 report of all visits to said sites, by month.

**REQUEST FOR PRODUCTION NO. 74:**  Documents containing copies of independent market or industry research relevant to online ministries, covering such areas as:  historical performance, performance forecasts, descriptions of industry trends.

**REQUEST FOR PRODUCTION NO. 75:**  Documents reflecting any change in the ULC's key customers in the past 5 years.

**REQUEST FOR PRODUCTION NO. 76:**  Documents including a description of ULC's promotional programs, including marketing and advertising campaigns.

**REQUEST FOR PRODUCTION NO. 77:**  Documents reflecting any change in ULC's marketing and/or advertising strategies over the last 5 years.

**REQUEST FOR PRODUCTION NO. 78:**  Copies of marketing plans, budgets, and/or strategy documents.

**REQUEST FOR PRODUCTION NO. 79:**  Documents containing any review or discussion of distribution channels employed by Plaintiff.

AMM's Second RFP also sought documents relating to ULC's intellectual property, if any, as such information about the existence and value ascribed to ULC's other intellectual property bears on the value of ULC's infringing use of AMM's trademark.

AMM sought:

**REQUEST FOR PRODUCTION NO. 64:**  Documents listing all IP registrations and applications for patents, trademarks, and copyrights owned by Plaintiff, in all countries, including provisional and non-provisional.

**REQUEST FOR PRODUCTION NO. 65:**  Documents describing ULC's IP licensing strategies.

AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL
AND MOTION TO EXTEND SCHEDULING DEADLINES - 5
Case No. 2:19-CV-00301-RSL

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

FG:53727537.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**REQUEST FOR PRODUCTION NO. 66:** Copy, or summary description, of all technology, brand, or intellectual property licensing agreements between ULC and any other businesses.

**REQUEST FOR PRODUCTION NO. 67:** Documents reflecting any inter-organization charges between ULC and any other businesses for use of intellectual properties.

On April 13, 2020, ULC responded to every request with boilerplate objections. (Cohen Decl., Exs. 1, 2.) ULC asserted either: 1) a lack of relevancy and proportionality; 2) that the requests are unduly burdensome; or 3) that the requests would require disclosure of information to the advantage of Defendants and to the harm and prejudice of ULC. (Id.) ULC provided just 14 pages (solely Google Analytics) in response to these requests. (Id.)

While stonewalling on AMM's requests, on April 15, 2020, ULC issued its own Second Requests for Production to AMM which, notably, include seven requests for data and analytics that are *virtually identical* to the information sought by AMM. (Id. (See Nos. 37–41, 43-45.))

On April 17, 2020, upon AMM's request, ULC stated that it would produce insurance policies alluded to in its Initial Disclosures a full year earlier, but which it never produced. (Cohen Decl., Ex. 3.) Though ULC has made a supplemental production to AMM since the April 17, 2020 conferral, ULC still has yet to produce the insurance policies, production of which is required under FRCP 26(a)(1)(A)(iv). (Id.)

Pursuant to the Court's Scheduling Order (Dkt. 22), discovery is due to close on May 17, 2020. Given the time that the requested discovery has been outstanding, AMM respectfully requests that the Court order ULC to produce the requested documents and data within five calendar days of the date of the Court's Order. Additionally, AMM requests that the Court extend fact discovery and all existing deadlines by 30 days, so as to provide AMM time to complete discovery relating to the documents and data it has yet to receive. Because all of AMM's requests are directly relevant to the parties' dispute, and proportional to the needs of the case, AMM respectfully requests that the Court require ULC to produce these documents.

## IV.    ARGUMENT

AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL
AND MOTION TO EXTEND SCHEDULING DEADLINES - 6
Case No. 2:19-CV-00301-RSL

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

FG:53727537.3

**1.      The Federal Rules of Civil Procedure Favor Production of These Documents.**

As this Court well knows, the scope of discovery under the Federal Rules is broad. FRCP 26 (b)(1).   *Oppenheimer Fund Inc. v. Sanders,* 437 U.S. 340, 351-352 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495 (1947).  This is premised on the principle that "wide access to the relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir. 1993).  Thus, so long as requests are relevant to any claim or defense, and are not unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit, they should be allowed.  FRCP 26(b)(2); *Oppenheimer*, 437 U.S. at 351-352.

**A.      The Requested Information is Proportional to the Needs of the Case.**

In 2015, FRCP 26 was amended to note that proportionality is a requirement for permissible discovery.  FRCP 26(b)(1).  The Advisory Committee Notes make clear, however, that the amendment does not place the burden of proving proportionality on the party seeking discovery. Advis. Comm. Notes for 2015 Amendment to FRCP 26(b)(1). Other courts have concluded that the amendment "does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden addressing all proportionality considerations."  *See In re Bard, IVC Filters Products Liability Litigation,* 317 F.R.D. 562 (2016).  Rather, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  *Id.*

ULC conceded at the outset of this case that discovery in this matter would be "moderately complex," as is to be expected in any case containing six separate defendants and ten claims and counterclaims related to statements made on at least five different websites. (Dkt. 20, p. 2, lns. 9-10.)  Yet in its discovery responses and in conferrals with AMM, ULC now asserts that AMM's requests are disproportionate to the needs of the case.

**AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL AND MOTION TO EXTEND SCHEDULING DEADLINES - 7 Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

FG:53727537.3

AMM repeatedly sought to understand the basis for ULC's contention that the discovery AMM seeks is disproportionate to the needs of the case.  ULC has not offered an explanation that takes into account both the claims and the counterclaims in this case.  Instead, ULC's objection seems based on the fact that ULC seeks a modest amount of compensatory damages. But a determination of proportionality must consider not only ULC's claimed damages but also AMM's claimed damages, which depend in part on ULC's unproduced financial data (as ULC may have profited off of its tortious statements about AMM, its infringement of AMM's trademark, and its cybersquatting on the americanmarriageministries.com website).  Further, AMM seeks disgorgement of profits as one of its remedies for ULC's tortious conduct; it is entitled to all information from ULC necessary to ascertain the amount of profits to be disgorged. Even if ULC was right that its financial records are not critical to its own claims (a point which AMM disputes), ULC cannot shield from production financial records relevant and necessary to AMM's counterclaims.

ULC's objection also apparently arises from its view that AMM's new requests are "voluminous."  However, AMM's  requests are overlapping in many respects.  In an effort to obtain information which ULC failed to produce in response to AMM's First Set of Requests for Production, AMM propounded a number of requests that are simply different ways of seeking the same information.  For instance, at least half a dozen of the new requests are directed at obtaining a sufficiently comprehensive set of financial records to enable AMM to perform a differential diagnosis of ULC's financials. The form of these records matters little — whether they be tax records, ledgers, accounting reports, or other; AMM simply seeks records — in whatever form ULC keeps them — that will enable AMM to assess, based on a complete picture of ULC's financials (to account for confounding variables), whether ULC experienced, (a) any financial harm attributable to AMM's allegedly tortious statements, or (b) any financial benefit attributable to ULC's allegedly tortious statements and actions. ULC refuses to produce any of

**AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL AND MOTION TO EXTEND SCHEDULING DEADLINES - 8 Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

FG:53727537.3

the financial documents sought in the Second RFP, in any form.

AMM also seeks web analytics for the following ULC websites that are directly related to the counterclaims: (1) americanmarriageministries.com; (2) ulc.org, including the webpage at www.ulc.org/training/american-marriage; (3) getordained.org, including the webpage at www.getordained.org/training/american-marriage; and (4) themonastery.org.  To date, ULC has produced just two Google Analytics reports that selectively exclude relevant web analytics and financial data necessary to evaluate the full extent of the damages in this case.  For example, the reports provide only select information about particular web*pages*, rather than information about the web*sites* hosting the webpages or about related or linked webpages. They therefore fail to capture cases in which one webpage links to a different webpage not shown in the report for purposes of enabling transactions and sales. The reports also provide a selective summary of particular analytics (e.g., total revenue, total pageviews) without any accompaniment of the underlying data to support the summary (e.g., number of pageviews on particular dates in time, amounts and dates of individual purchases).

Oddly, ULC also has yet to produce insurance policies, though both parties agree that such policies are discoverable under FRCP 26(a)(1)(A) and that the policies should have been disclosed and produced with ULC's initial disclosures over a year ago.

### B.    AMM Would be Prejudiced in its Ability to Prepare its Defense and Prosecution Without the Requested, Relevant Documents and Data.

Disallowing the discovery AMM is seeking would actually and substantially prejudice AMM by denying it relevant discovery on ULC's claims and on AMM's counterclaims.  *Branch v. Umphenour*, 936 F.3d 994, 1006 (9th Cir. 2019) (noting that the trial court's otherwise broad discretion to deny discovery may be an abuse of discretion if the discovery sought is relevant). In particular, AMM would experience actual and substantial prejudice if it was prevented from obtaining the documents and data necessary to ascertain the effects — including damages — of

**AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL AND MOTION TO EXTEND SCHEDULING DEADLINES - 9 Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

FG:53727537.3

the actions and statements claimed in this matter to be tortious.

A CPA claim requires proof of injury, and AMM is entitled to explore whether ULC suffered any injury from AMM's statements, and, if so, to what extent.  ULC has also alleged that AMM's statements have the likely effect of depressing the number of visitors to ULC's website or ULC's revenue from those visits.  (Am. Compl., ¶¶ 40 and 60.)  (AMM's statements are "likely to influence the decisions and behavior of [individuals] who are exposed to such statements . . .")  AMM is entitled to test these allegations to determine the effects, if any, of AMM's purported actions on ULC's web traffic and business.

For example, AMM is entitled to obtain data to determine whether the number of visitors to any ULC website decreased in the relevant time frame. AMM is further entitled to data and information that would help it assess whether a change in visits was attributable to a change in marketing efforts by ULC (e.g., a change in advertising expenditure or a change in search engine optimization strategy) or to some other factor(s).  Similarly, AMM is entitled to determine whether the number of ordinations performed by ULC changed over the relevant time frame and whether ULC's sales and/or revenue was affected and, if so, to what extent.  AMM is further entitled to compare that data to ULC's data and documentation for the time prior to when AMM's allegedly actionable statements came online, to better determine whether any change in minister behavior vis-à-vis ULC occurred or is properly attributable to AMM.

The discovery AMM seeks is also directly relevant to AMM's counterclaims against ULC.  AMM alleges that certain statements made by ULC on the americanmarriageministries.com website diverted web traffic and revenue away from AMM and to ULC. AMM further alleges that other statements on the site — for instance, the statement that AMM's ordinations are "legally invalid" — indirectly diverted traffic from AMM to ULC by sullying AMM's reputation.  While AMM can demonstrate that its own web traffic and revenue decreased as result of ULC's actions, it is entitled to determine if ULC's traffic and revenue saw

**AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL AND MOTION TO EXTEND SCHEDULING DEADLINES - 10 Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

an increase at the same time and whether that increase is in a similar proportion to the decrease experienced by AMM.

AMM also alleges that ULC's use of AMM's trademark on several of ULC's websites conferred undeserved benefit on ULC to the extent ULC is profiting off the use of AMM's mark. Additionally, or alternatively, AMM alleges that ULC's use of the mark affects the strength and value of AMM's mark. AMM is entitled to financial information and web analytics that will permit it, for instance: to assess how ULC webpages that use the AMM mark perform compared to ULC webpages that do not use the mark; or to determine how ULC values other intellectual property it owns or licenses, as such information could bear on the calculation of a reasonable royalty value of ULC's use of AMM's trademark.

Without the requested information, AMM would be substantially prejudiced in its efforts to effectively defend against ULC's claims. It would also be prejudiced in its ability to put on its counterclaims.

**C.       The Requested Production is Not Unduly Burdensome for ULC.**

The requested production seeks information that ULC or its vendors (e.g., Google, accountants) keep in the normal course of business, so collecting and providing the information requested to AMM should be straightforward. Through the conferral process, ULC has identified no facts or analysis to support a conclusion that producing any of the requested data or documents would be unduly burdensome. ULC's website and search engine data should all be available through Google Analytics and/or Yahoo Analytics, which ULC has access to on an ongoing basis. Similarly, to the extent ULC has either employees or third-party consultants performing search engine optimization, bookkeeping, accounting, and/or taxes, these documents should be relatively easy to access and produce.

///

**2.       The Protective Order Entered by the Court is Sufficient to Protect Information that**

AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL
AND MOTION TO EXTEND SCHEDULING DEADLINES - 11
Case No. 2:19-CV-00301-RSL

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**ULC Contends is Confidential, Sensitive and/or Trade Secret.**

ULC's objection that the requested information is confidential or trade secret is not valid in light of the protective order ("PTO") entered by the Court. (Dkt. 26.) The express purpose of the PTO was to protect the parties' confidential information. The PTO allows ULC to designate documents and information "Attorneys' Eyes Only" and provides a mechanism for ULC to protect sensitive information from the Defendants, while allowing it to meet its obligation to provide the relevant, requested documents pursuant to FRCP 26(b). To the extent ULC has concerns about the confidential nature of the data or documents requested, the appropriate response would be to designate them as confidential and/or AEO under the PTO.

**3.   The Court Should Extend Fact Discovery and Other Existing Deadlines by 30 Days to Allow AMM to Complete Discovery Based on ULC's Forthcoming Production.**

AMM timely sought documents and data relevant to both its counterclaims and its defenses to this matter. ULC should not be allowed the advantage of running out the clock on discovery so as to deprive AMM the ability to further develop relevant discovery from ULC's outstanding production. Therefore, the Court should extend fact discovery by 30 days to allow AMM time to complete any additional discovery necessitated by ULC's lack of production.

## V.   CONCLUSION

Given the time that has elapsed in this matter, and the fact that discovery is set to close on May 17, 2020, the Court should issue an order requiring ULC to produce the requested documents and data within five (5) days of the date of the Order.

DATED this 23rd day of April 2020.

Kelly A. Mennemeier, WSBA No. 51838
Nancy V. Stephens, WSBA No. 31510
Benjamin J. Hodges, WSBA No. 49301
FOSTER GARVEY P.C.
1111 Third Ave., Suite 3000
Seattle, WA 98101-3292

BETTS, PATTERSON & MINES, P.S.

By: */s/ Anne Cohen*　　　　　　　
Anne Cohen, WSBA No.: 41183
Sheeba Roberts, *Pro Hac Vice*
Attorneys for Def/Counter-Claimant AMM

**AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL
AND MOTION TO EXTEND SCHEDULING DEADLINES - 12
Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

FG:53727537.3

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2020, the foregoing **DEFENDANT AND COUNTER-CLAIMAINT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL PRODUCTION OF DATA AND DOCUMENTS FROM PLAINTIFF UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE AND MOTION TO EXTEND SCHEDULING DEADLINES BY 30 DAYS** was electronically filed with U.S. District Court for the Western District of Washington through the CM/ECF eFiling system.

I further certify that on April 23, 2020, I served a copy of the foregoing on:

| | |
|---|---|
| Michael P. Matesky, II<br>Matesky Law LLC<br>1001 4th Ave., Suite 3200<br>Seattle, WA  98154<br>**Fax: 206-701-0332**<br>**Email:  litigation@mateskylaw.com**<br>*Of Attorneys for Plaintiff* | Michael B. Galletch<br>Puget Sound Business & Litigation PLLC<br>411 University Street, Suite 1200<br>Seattle, WA  98101<br>**Fax:  ---**<br>**Email:  mike@psbizlit.com**<br>*Of Attorneys for Plaintiff* |
| Kelly Ann Mennemeier<br>Nancy V. Stephens<br>Benjamin J. Hodges<br>Foster Garvey P.C.<br>1111 Third Ave., Suite 3000<br>Seattle, WA  98101-3299<br>**Fax: 206-447-9700**<br>**Email:  Kelly.mennemeier@foster.com**<br>**Nancy.stephens@foster.com**<br>**Ben.hodges@foster.com**<br>*Of Attorneys for American Marriage Ministries* | |

\_\_\_\_\_ by mailing to each of the foregoing a copy thereof, placed in a sealed envelope addressed as listed above and deposited in the United States mail at Portland, Oregon, and that postage thereon was fully prepaid.

\_\_\_\_\_ by facsimile transmission to the number shown above.

  X    by additional e-service through the E-Filing system, if party was registered.

  X    by courtesy email to the email addresses shown above.

*/s/ Carrie J. Cook*
Carrie J. Cook, CP
Legal Assistant/Certified Paralegal

**AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL
AND MOTION TO EXTEND SCHEDULING DEADLINES - 2
Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

FG:53727537.3