# EXHIBIT C



**Anne Cohen**
acohen@bpmlawc.com
*Licensed in Oregon, Washington, and Utah*

March 9, 2020

**VIA EMAIL ONLY - litigation@mateskylaw.com; mike@psbizlit.com**
Michael P. Matesky, II
Matesky Law LLC
1001 4th Ave., Suite 3200
Seattle, WA  98154

Michael B. Galletch
Puget Sound Business & Litigation PLLC
411 University Street, Suite 1200
Seattle, WA  98101

Re: *Universal Life Church Monastery Storehouse v. American Marriage Ministries, et al*
USDC Western District of Washington Case No.:  2:19-CV-00301-RSL

Gentlemen:

I write in response to the FRCP 30(b)6 Notice of Deposition ("Notice") issued by your office on Friday, March 7, 2020, after our phone conference the same day.  After offering in our call to work cooperatively in identifying deponents and scheduling depositions in an orderly fashion (to begin after basic document production is completed by the parties), you responded by immediately issuing a Notice that AMM designate an agent to speak on its behalf on no fewer than 51 topics at a deposition in 10 days' time.  Your FRCP 30(b)6 Notice is patently unreasonable under the applicable rules – and under the circumstances – does not appear to have been issued in good faith.  Therefore, I must object and ask you to withdraw it.

First, your Notice should be withdrawn for failure to provide AMM with reasonable notice as required under the rules.  FRCP 30(b)(1) requires that reasonable notice must be given prior to issuing any notice of deposition.  Ten days' notice for 51 topics is patently unreasonable.  *See*, *In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 320, 327 (N.D. Ill. 2005)(10 business days in a complex case involving multiple deponents deemed unreasonable) citing  *Harry A. v. Duncan,* 223 F.R.D. 536, 538–39 (D.Mont.2004)("It is difficult to conceive how a party can adequately prepare for 85 depositions within two weeks."). Similarly, here, it is simply not possible to prepare for 51 topics in the timeframe provided by the Notice. While the Notice purports to provide 10 days' notice, the fact that it was issued on Friday afternoon at 4:00 p.m. renders the Notice impractical to the extent it purports to include the weekend in preparation time.

111 SW 5th Ave., Suite 3650
Portland, OR ▪ 97204
*Phone: 503-961-6338 ▪ Fax 503-961-6339*
www.bpmlaw.com

March 9, 2020
Page 2

*Also see*, *C&F Packing Co. v. Doskocil Companies, Inc.,* 126 FRD 662, 678 (ND Ill 1989)(requiring a good faith effort to schedule depositions in even a relatively simple case at a mutually convenient time) citing *Associated Transport, Inc. v. Riss & Co., Inc.,* 8 F.R.D. 99, 100 (N.D.Ohio 1948).  See, *Mims v. Central Mfrs. Mut. Ins. Co.,* 178 F.2d 56 (Ala.)(1949); *In re Malyugin,* 310 F. Supp. 3d3 (DC)(2018).

Next, the Notice is unreasonably overbroad. Rule 30 is subject to the proportionality requirements of FRCP 26, and notices that are overbroad may be quashed.  *See*, *State Farm Mutual Auto Ins. Co. v. New Horizont, Inc*. 254 FRD 227 (2008); *Hill v. Homeward Residential, Inc.*, 799 F.3d 544 CA (Ohio)(2015).

Third, the scheduling of a deposition to take place next week in Seattle is unreasonable under the unique circumstances associated with the COVID-19 outbreak in the Seattle area. The Court has issued a General Order regarding the outbreak and implementing measures to reduce and eliminate, to the greatest extent possible, in-person meetings so as to limit the spread of the virus. The Court therefore continued all hearings on civil and criminal motions until the risk is no longer so acute.  I understand that many employers in the Seattle area also have instructed employees to work remotely. Under these circumstances, AMM and its counsel cannot be expected to prepare for and attend a deposition next Monday.  Nor is there any certainty that a court reporter will be available that day, given the current containment efforts and anticipated further restrictions in King County and the State of Washington.

Please confirm withdrawal of the Notice by noon on Tuesday, March 10, 2020.  To the extent you decline to withdraw the Notice, please consider this a request to confer prior to AMM's motion to quash by telephone on **Tuesday, March 10, 2020, at 3 p.m.**  To the extent AMM is forced to file a Motion to Quash, we intend to seek attorney fees.

As with the issues relating to ULC's document production and the case schedule addressed in the meet and confer and in a separate letter, we would much rather resolve this issue by working cooperatively with you, as opposed to proceeding with motion practice.  However, as we have previously communicated, this is a complex matter that requires an orderly discovery process, including that ULC complete its document production, so that discovery may proceed in accordance with the federal rules of civil procedure.

Sincerely,

Anne Cohen

AC/cjf
cc:    Kelly Ann Mennemeier/ Nancy V. Stephens/ Benjamin J. Hodges, Foster Garvey P.C. – **Via Email**