# EXHIBIT D

**Mike Matesky**

| | |
|---|---|
| **From:** | Michael Galletch <mike@psbizlit.com> |
| **Sent:** | Tuesday, March 10, 2020 1:46 PM |
| **To:** | 'Anne Cohen'; Kelly.mennemeier@foster.com; Nancy.stephens@foster.com; Ben.hodges@foster.com; Sheeba Roberts |
| **Cc:** | 'litigation@mateskylaw.com'; Mike Matesky |
| **Subject:** | RE: Universal Life Church Monastery Storehouse v. American Marriage Ministries, et al. |

Anne:
We are surprised by your letter, and the tone it takes.  It appears you quickly dispatched your letter without first communicating with one of your several co-counsel, as well as your client.  Mike Matesky and I let Kelly and Sheeba know during our call on Friday that we had already prepared the Notice of Deposition, and held off to send it until after the conference as a courtesy to first address AMM's issues.  We also asked that Kelly and Sheeba provide available deposition dates after having a chance to review the deposition notice, which they agreed to do, and that we did not necessarily expect AMM to be available on that specific date.  Indeed, my email sending the notice asked counsel to provide alternate dates.  Your letter appears to want to postpone the deposition indefinitely. You demand that we withdraw it, without proposing any alternative dates or saying your client will propose any alternative dates (despite Kelly and Sheeba's prior agreement to do so).  I ask that you please talk to your client first, and let us know dates that do work.  As we always have throughout this case, we will continue to work professionally and in good faith with counsel.

We also do not believe the notice is overbroad.  The number of topics is in no way indicative of the breadth.  If you notice, the vast majority of the topics listed are specific and discrete. For example, items 4-23 are each specific statements AMM made on its two offending websites at issue.  We could have simply listed a single topic as "the content on "The AMM-vs-ULC Website" and "The AMM Legal Website"."  But, to follow Rule 30(b)(6) and give AMM specific notice of the topics we intend to explore, we set out each statement individually.  In addition, virtually all of the topics are statements AMM has made and have directly been a part of this action, whether as alleged in the Complaint, Answer and Counterclaims, discovery, or otherwise.  So, there is nothing new or surprising, nor anything AMM is not already well familiar with.  *See, e.g., Ballard Marine Const. v. EHW Constructors*, case 3:6-cv-05633-RBL, 2019 WL 1436878, at *2 (W.D. Wa 2019) (30(b)(6) notice providing eight days sufficient for quite "expansive" topics, and rejecting defendant's arguments as to inclement weather); and *Charm Floral v. Wald Imports, Ltd.*, 2012 WL 424581, at * 3 (W.D. Wash. Feb. 9, 2012) (eight days' notice reasonable).

We are happy to confer with you as to a reasonable date.  However, we are not at this time willing to postpone the deposition indefinitely as your letter seemingly indicates.  The Court's Order regarding COVID-19 that you cite does not halt all civil actions, nor does it preclude depositions.  I am sure you and both firms representing the Defendants have been working – in fact, Ms. Mennemeier's letter asks to depose 12 people, and Ms. Mennemeier noted during our call on Friday that numerous people were in fact coming into the office to work.

In light of the issues addressed above, we think it is unnecessary to involve the Court via telephonic motion.  Moreover, Mr. Matesky and I cannot confer today at 3 as you unilaterally demanded. One or both of us can be available tomorrow after 9:30am, until about 3:30.  If there is a time in there that works for either you or one of the several lawyers representing AMM, let us know and we can get on a call.  If you need more time to first confer with AMM, then please propose some other dates and times later this week.

Thanks, Anne.

Michael Galletch



411 University St., Ste 1200
Seattle, WA 98101
(206) 374-8500
web:  psbizlit.com

PRIVILEGED COMMUNICATION: This email and any attachments may be confidential and subject to the Attorney-Client privilege, and may have been prepared in the course of or in anticipation of litigation, in which case would also be subject to protection as Work Product.  If you are not, or do not appear to be, the intended recipient, any use, disclosure, copying, or distribution of this e-mail or any attachments is prohibited.  If you have, or believe you have, received this e-mail in error, please notify us immediately by replying (phone or e-mail) to the sender and delete all copies from your system.  Thank you, and we appreciate your cooperation.

---

**From:** Carrie Cook <ccook@bpmlaw.com>
**Sent:** March 9, 2020 5:57 PM
**To:** litigation@mateskylaw.com; Michael Galletch <mike@psbizlit.com>; Kelly.mennemeier@foster.com; Nancy.stephens@foster.com; Ben.hodges@foster.com; Anne Cohen <acohen@bpmlaw.com>; Sean M. Bettis <sbettis@bpmlaw.com>; Sheeba Roberts <sroberts@bpmlaw.com>; Cruz H. Turcott <cturcott@bpmlaw.com>
**Subject:** Universal Life Church Monastery Storehouse v. American Marriage Ministries, et al.

Good afternoon.
Attached for your immediate review, please find a letter from Anne Cohen regarding this matter.
Thank you.

**Carrie J. Cook, CP**
**Legal Assistant/Certificated Paralegal**
111 SW Fifth Avenue, Suite 3650
Portland, OR  97204
503-961-6538 (direct)
503-961-6339 (fax)
www.bpmlaw.com



**Confidentiality Notice:  This email and any attachments may contain confidential or attorney-client protected information that may not be further distributed by any means without permission of the sender.  If you are not the intended recipient, you are hereby notified that you are not permitted to read its content and that any disclosure, copying, printing, distribution or use of any of the information is prohibited.  If you have received this email in error, please immediately notify the sender by return e-mail and delete the message and its attachments without saving in any manner**