# EXHIBIT E



March 12, 2020

**VIA E-MAIL**

Anne Cohen
Betts Patterson & Mines
111 SW 5th Ave. Suite 3650
Portland, OR 97204
acohen@bpmlaw.com

      Re:      30(b)(6) Deposition of AMM
                   *Universal Life Church Monastery Storehouse v. King, et. al.*, No. 2:19-cv-00301-RSL (W.D. Wash.)

Dear Anne:

      I write to follow up our conference today regarding the 30(b)(6) deposition of AMM. As you know, we served a 30(b)(6) deposition notice on AMM on March 6th, noting a deposition date of March 16th. However, as we stated during our March 6th conference with Kelly Mennemeier and Sheeba Roberts, and in subsequent written correspondence, we would not insist on taking the deposition on March 16th if we could work out agreeable dates before then. Before our conference today, we explicitly asked that AMM provide available deposition dates and identify any objections to the noted deposition topics during our conference so that we could meaningfully confer today.

      Nonetheless, during today's conference, AMM declined to provide any available deposition dates or any objections to deposition topics identified in the 30(b)(6) notice. We asked if AMM could provide available dates or topic objections by tomorrow (Friday, March 13th) or by Monday (March 16th), and you said that AMM could not do so. You then proposed providing a "formal response" by March 23rd, which would identify topics to which AMM agreed and to which it had objections, as well as dates and designees for the agreed topics. You refused to agree to any date prior to March 23rd. Frankly, we do not understand why not one of AMM's six attorneys (including any of the 4 attorneys on the call for AMM today), could already have communicated, or could communicate over the next few days, with AMM and identify available deposition dates, nor why it would take over two weeks to do so.

      We understand that you are currently stuck in Europe, but AMM has (at least) five other lawyers on this case, and your substantive involvement appears to have begun this week (we had not received any substantive correspondence from you in the prior 11 months of the case). Thus, your current personal geographic predicament should not prevent AMM from figuring out who can testify on which topics, and when. With regard to Covid-19, we are certainly willing to work to minimize any risk, but cannot agree that we must "strike" the deposition as you insisted upon or indefinitely postpone any depositions that might involve 5 or 6 people in a room together.

Anne Cohen, Esq.

      Nonetheless, in the spirit of cooperation, we are attaching an amended deposition notice that renotes the 30(b)(6) deposition of AMM for Monday, March 23rd, thereby giving AMM an additional seven calendar days' notice (five court days), on top of the original ten calendar days' notice (six court days), for a total of seventeen calendar days' notice and eleven court days' notice.  Again, we are not insisting on taking the deposition on March 23rd if we can work out other mutually agreeable deposition dates before then (i.e., by the end of March 20th).  However, if AMM will not work with us in good faith to find mutually agreeable deposition dates by March 20th, <u>we intend to take the noted 30(b)(6) deposition of AMM on March 23rd</u>.

      We look forward to your response.

                                       Sincerely,

                                       MATESKY LAW<sup>PLLC</sup>

                                       Michael P. Matesky, II
                                       E-Mail Address:  mike@mateskylaw.com

Cc:    Nancy Stephens
         Kelly Mennemeier
         Ben Hodges
         Sheeba Roberts
         Mike Galletch

2