# EXHIBIT I



**Anne Cohen**
acohen@bpmlawc.com
*Licensed in Oregon, Washington, and Utah*

March 20, 2020

**VIA EMAIL ONLY - litigation@mateskylaw.com**
Michael P. Matesky, II
Matesky Law LLC
1001 4th Ave., Suite 3200
Seattle, WA  98154

**VIA EMAIL ONLY - mike@psbizlit.com**
Michael B. Galletch
Puget Sound Business & Litigation PLLC
411 University Street, Suite 1200
Seattle, WA  98101

      Re:    *ULC v. AMM*
                USDC Western District of Washington Case No.  2:19-CV-00301-RSL

Dear Mike and Mike:

      Enclosed please find AMM's Objections and Response to ULC's 30(b)(6) Notice of Deposition.

      As we discussed in our conferral call on March 12, 2020 (held while I was still in Europe), it is not feasible for these depositions to go forward on the date you proposed.  Indeed, given the updated health advisories and travel bans due to Covid-19 since our conferral call, it is clear to us that it is not feasible for any depositions to go forward prior to late April, and more likely, early May 2020.  There are multiple reasons for this.

      At present, I intend to take the lead in defense of these depositions on behalf of AMM. Due to my travel in Europe during the outbreak there, I have been working from home so as to responsibly practice social distancing as recommended in order to help "flatten the curve" of the projected transmission rates.  As the recommended duration after travel in Europe is 14 days, I expect this to last at least until March 29.

March 20, 2020
Page 2

Second, as you can see, Glen Yoshioka has been designated by AMM to testify on multiple topics requested by ULC. It is my understanding that Mr. Yoshioka was also traveling in Europe at the time the travel ban was announced. Unlike me, he was not able to return to the U.S., and so he remains in Europe – likely at least until April 1, 2020. After his return, he will likely also need to self-isolate for a minimum of 14 days.

Third, it is my understanding that the Western District of Washington issued Order 02-20 on March 17, 2020, acknowledging the state of emergency declared by President Trump and Governor Inslee and continuing all civil hearings until June 1, 2020, due to the public health risk posed by the potential transmission of Covid-19. Similarly, the Supreme Court of Washington issued Order 25700-B-606 as of March 18, 2020, continuing all non-emergency civil matters until after April 24, 2020. As officers of the Court, it our obligation to be similarly cognizant of the public health risk and continue all non-emergency in-person proceedings, including depositions, until after April 24, 2020 (at a minimum). It is irresponsible and unfair to the individuals involved to require them to risk potential exposure to Covid-19.

Further, even if we were not courteous and professional officers of the Court, any depositions would have to comply with King County health regulations. In correspondence earlier today, my co-counsel asked whether you could provide any assurances that the proposed location will be appropriately evaluated for compliance with the health regulations and cleaned and disinfected per CDC guidelines, or that the court reporter had been following all applicable regulations and would be appropriately screened prior to the scheduled deposition. You declined to provide any such information or assurance in your response. Without those assurances, and the assurance that all persons participating in the deposition are following the local guidelines and will be appropriately screened, we will not be a party to a misdemeanor or expose ourselves and our clients to criminal penalties for violating a Local Health Order or Governor's Proclamation.

Additionally, our Motion for Relief from March 18, 2020, Deadline and Request for Continuance to continue both the trial dates and discovery period is pending, and in light of the Court's most recent order, we expect this motion to be granted. Therefore, there should be no concern about completing depositions within the time set for discovery in this matter. Even if that relief is not granted, the close of fact discovery remains months away. As you are opposed to moving expert deadlines, you must have no need to obtain fact discovery earlier for the sake of expert disclosures, so there is no immediate urgency to conduct this deposition.

Your continued insistence without reason that this, and only this, deposition occur during the ongoing public health crisis is puzzling, especially in light of our experience with one of AMM's counsel as professionally courteous in prior litigation. It is even more puzzling given the response to the health threat from counsel involved in my other litigation matters, as counsel in my other matters, no matter how contentious, have uniformly been in agreement to cancel all pending depositions, and to take up rescheduling discussions in mid-April at the earliest. I propose that we do the same here. I have inquired about both Mr. Yoshioka's and Mr. King's schedule, and I understand that there should be no particular problems with scheduling these depositions for late

March 20, 2020
Page 3

April or May 2020, once the public health threat has been resolved and it is safe to do so. All my other depositions and hearings have been cancelled, and I anticipate the courts will likely need to work through the backlog of hearings once rescheduling begins.

    To the extent you wish to discuss any of this further, please do not hesitate to contact me.

Sincerely,

Anne Cohen

AC/cjf
Encl.
cc:    Kelly A. Mennemeier/ Benjamin J. Hodges, Foster Garvey P.C. w/encl.
        **Via Email Only**