# EXHIBIT J



411 University St.
Suite 1200
Seattle, WA 98101
p: (206) 374-8500
mike@psbizlit.com

March 30, 2020

*Via Email*

| | |
|---|---|
| Kelly Mennemeier | Sheeba Roberts |
| Ben Hodges | Anne Cohen |
| Nancy Stephens | Betts Patterson Mines |
| Foster Garvey | 701 Pike Street, Suite 1400 |
| 1111 Third Avenue, Suite 3000 | Seattle, WA 98101 |
| Seattle, WA 98101-3292 | |

Re:  *Universal Life Church Monastery Storehouse v. Maurice King, et. al.*

Counsel:

I hope this letter finds you all well.  We wanted to gain resolution to some outstanding discovery issues, namely depositions.  We suggest we schedule a call for later this week to resolve these issues expeditiously, and curtail the delays in discovery.  As you know, we only have about 45 days before the discovery deadline.  This letter is to provide an outline of these issues so you can be prepared to confer.  Please let us know when you have time this week for a call.  We have time Wednesday, Thursday, and Friday.

**Date for Rule 30(b)(6) Deposition of AMM**

We sent a notice of deposition on March 6.  Since then, AMM has dispatched from different attorneys five writings totaling 2,633 words, plus a 22 page objection that is over 7,100 words.  In addition, three AMM had three attorneys confer with us for nearly an hour on this subject.  Yet, despite AMM's nearly 10,000 words, multiple hours of effort, and the effort of multiple attorneys, AMM has still not provided a single proposed date.

The Court's recent Order Denying (AMM's) Motion for Extension (Dckt #60) encourages (if not directs) the parties to continue with this case and to conduct depositions, even if through video.  AMM has identified two designees, Mr. Yoshioka and Mr. Lewis King.  Ms. Cohen advised Mr. Yoshioka had been in Europe.  Please provide dates for both designees without further delay, and if Mr. Yoshioka is still in Europe, please advise your current knowledge as to his expected return.  We certainly can proceed with Mr. King first.

We are amenable to all depositions in the case being conducted via video. In fact, it may help with those persons AMM identified who live outside the area. One suggestion is to plan on video depositions, and if the Governor lifts or modifies the "Stay Home – Stay Healthy" Proclamation so as to allow in person depositions before the first deposition commences, we can agree now that all depositions will be in person. In other words, all depositions would be conducted by videoconference or in person, but neither side would be at a disadvantage if in-person depositions become available after some depositions have already been conducted.

**AMM's Intent to Depose 12 Fact Witnesses**

AMM has stated it wishes to depose 12 fact witnesses, some of whom ULC Monastery no longer employs or has control over. Our March 12 letter identified two, but there are actually three ULC Monastery no longer employs or has control over: Jeremy Brandt, Jeff Vogt, and Taylor Carson-Wisor. To repeat, we will attend any deposition of these three, and ask the date of any deposition of any of those three be coordinated with us.

As to the other nine, our March 12 letter asked two things from AMM, for which we still do not have clear answers from AMM. The first was a general time frame when you seek to depose the nine. This is important because three live outside the area, and others are current employees. ULC Monastery needs to schedule and adjust its operations accordingly. The second was how long each deposition might last, and if we could schedule two depositions for one day. This matters for the same reasons as the first, and also for efficiency and ease of scheduling, both of the individuals and their work, and the attorneys' schedules.

In response, Ms. Mennemeier's March 20 email simply declared AMM does "not currently plan to take the depositions," and demanded that ULC Monastery "simply give us dates that each of the witnesses is available," and AMM will unilaterally determine if it "can schedule more than one a day." We believe this is not an efficient, cooperative manner to find mutually agreeable dates before the discovery deadline. Hopefully, our conference can better resolve this.

**AMM's New 35 RFP**

As you know, Defendants have already propounded to ULC Monastery, and ULC Monastery has already responded to, substantial written discovery: 71 interrogatories, 117 requests for admission, and 117 request for production. This was in addition to the information and documents AMM had requested and ULC Monastery provided in the TTAB proceeding (before AMM elected to instead have this Court decide the issue presented to TTAB). We believe the number of requests is not proportional to the needs of the case, taking into the account many of the factors listed in Rule 26(b)(1), and is unduly burdensome and expensive, if not also oppressive. In an effort to avoid judicial intervention, we wanted to ask if AMM is willing to reduce the number of requests, and identify those that it believes are most critical.

//

      Thank you for your time and effort, and please let us know a day and time so we can get these issues resolved in our conference.

      Sincerely,

      **PUGET SOUND BUSINESS & LITIGATION**

      Michael B. Galletch

cc:    Mike Matesky
       ULC Monastery Storehouse