# EXHIBIT K

Case 2:19-cv-00301-RSL   Document 82-11   Filed 05/04/20   Page 1 of 3



411 University St.
Suite 1200
Seattle, WA 98101
p: (206) 374-8500
mike@psbizlit.com

April 6, 2020

*Via Email*

| | |
|---|---|
| Kelly Mennemeier | Sheeba Roberts |
| Ben Hodges | Anne Cohen |
| Nancy Stephens | Betts Patterson Mines |
| Foster Garvey | 701 Pike Street, Suite 1400 |
| 1111 Third Avenue, Suite 3000 | Seattle, WA 98101 |
| Seattle, WA 98101-3292 | |

Re:   *Universal Life Church Monastery Storehouse v. Maurice King, et. al.*

Counsel:

Thank you for your time Friday and conferring. Mr. Matesky and I wanted to follow-up to set forth the substance of our call. This letter follows and tracks our March 30 letter.

**Date for Rule 30(b)(6) Deposition of AMM**

You provided us April 14 and 15 for both Mr. King and Mr. Yoshioka, in any order. We are reviewing court reporters, and will let you know what we find. As we conveyed, we will need the designee to have a computer with a camera and a strong internet connection.

You did not agree that all depositions in the case be conducted via video.

**AMM's Intent to Depose (at Least) 15 Fact Witnesses**

In the call, you confirmed that Defendants still wish to depose the 12 previously-identified fact witnesses, and indicated that Defendants wish to take three additional depositions. You asked that each deposition occur on a separate day, and begin after the 30(b)(6) deposition of AMM, e.g. April 16 and forward. We raised Rule 30(a), which limits the number of depositions, asking if the Defendants really needed and wanted to take 15 or more depositions. You all were unaware of the limit, and asked for the citation. Ms. Mennemeier pulled up the Rule as we were conferring, and she and Ms. Cohen stated their interpretation was that Rule does not impose a limit of 10 depositions. We stated that we will confer with ULC Monastery as to whether it objects to more than 10 depositions, but we expect that it will.

We suggested, and the parties agreed, that Defendants provide ULC Monastery a list of all persons it seeks to depose, and of those, identify the 10 persons whose depositions are more important, or perhaps would like to take first so we can proceed with those depositions without delay.  We will confer with ULC Monastery as to those persons beyond the initial 10, and confirm whether ULC Monastery has an objection or not.  Likewise, Defendants may decide as they proceed with the initial 10, they may not need those beyond the 10.  Once we get Defendants' list, we will immediately confer with our client about those employees and Directors in the initial 10 and provide dates for the latter half of April.

As noted below, you did not mention, and we were therefore unable to discuss, the additional five depositions (for a total of twenty) that Defendants seek to conduct.

### AMM's New 35 RFP + Even Further Requests

As we said, the purpose of our asking if AMM was willing to reduce the number of requests was to be proactive and try to resolve an issue without Court intervention, and not simply provide objections as part of the responses.  Our concern was the sheer number, and in relation to the volume ULC Monastery already answered and the additional burden to respond to an additional 35 requests.  Mr. Matesky also raised that AMM had not even disclosed the amount of its damages, which would be one measure to determine and help balance proportionality.  While you noted that the amount of monetary damages ULC Monastery has identified thus far is quite small, you stated that you did not think the amount of damages should weigh against the scope of discovery Defendants are seeking.  You declined to reduce the number of RFPs, but would confer as to objections to specific requests.

After the conference, you then sent an additional six interrogatories; 30 requests for production; and another nine requests for admission.  Then, after 8pm on Friday evening, you sent us copies of 15 subpoenas, including 5 deposition subpoenas.  You did not state in the conference these were forthcoming.[1]

          Sincerely,

          **PUGET SOUND BUSINESS & LITIGATION**

          Michael B. Galletch

cc:    Mike Matesky
       ULC Monastery Storehouse

---

[1] We note that when ULC Monastery sent its Notice of Deposition following a conference, *after stating in the conference it already prepared the notice and would be sending it*, Ms. Cohen twice chastised us for doing so, going so far as to characterizing the notice as having "been issued in bad faith" because of the timing.