# EXHIBIT P

# Mike Matesky

| | |
|---|---|
| **From:** | Anne Cohen <acohen@bpmlaw.com> |
| **Sent:** | Wednesday, April 22, 2020 8:54 PM |
| **To:** | Michael Galletch; kelly.mennemeier@foster.com; Sheeba Roberts; Ben Hodges; Nancy Stephens |
| **Cc:** | Mike Matesky |
| **Subject:** | RE: ULC v. Maurice King, et. al. - FRCP 30(b)6 Notice |

Dear Mike,

Thank you for your correspondence of today's date. I respectfully decline to get drawn into a detailed disagreement about who said what on our call; suffice it to say that I believe my correspondence was an accurate description of my understanding of our conferral.

I will look forward to your production of data relating to the thirteen websites this week. Please keep in mind that our requests are *not* limited to the summary report generated from your client's Google Analytics account for those websites, but also includes a request for the data that forms the basis for the summary report. As a specific example, I have confirmed that AMM has produced the data relating to the sales numbers and web traffic per month from its Google Analytics account for www.theamm.org.  This data was extracted from AMM's Google Analytics account and placed in an Excel spreadsheet for production. It shows (for example), what the sales were per month generated from the AMM site, the number of visitors per month, and so forth.

ULC's production of its summary Google Analytics report demonstrates that at a minimum, ULC has access to its own Google Analytics account with all of the same underlying data collected by Google. This is "the data" that we discussed and "the data" AMM is requesting ULC produce. (Presumably this is also what you insist on awkwardly referring to as "the data behind the data.") At a minimum, the summary analytics reports ULC produced proves the existence of the underlying data collected by Google and which ULC used to generate the summary report. AMM is not obligated to accept the summary report alone; it has timely requested the data used to generate that report and is entitled to its production.

To be clear: at a minimum, AMM is entitled to *all* of the underlying data used to generate the summary report that was produced by ULC. AMM is similarly entitled to all of the underlying data for *any* website that uses AMM's mark in any way – whether in ads, title tags, text, metadata or otherwise.  This includes the data behind Google's reported conversion rates, rankings and other categories for these websites as collected month by month.

At this point, in order to preserve AMM's position in light of the upcoming deadlines, I am forced to file my motion to compel as to the website data and analytics sought. However, if the website documents and data ULC produces are sufficient to satisfy AMM's requests, AMM will, of course, withdraw the motion.

In light of the fact that ULC has still not produced any documents to reflect its finances (other than the one limited summary analytics report I previously identified), and apparently does not intend to do so, I also intend to file a motion compelling ULC to produce the financial documents sought in AMM's Second RFP. Because of the time that ULC has spent dragging its heels on all of the outstanding documents (including the documents that were the subject of the prior motion to compel), I intend to ask the Court for an additional 30 days beyond the discovery deadline in order to carry out follow up discovery on the information in the documents I expect ULC will be ordered to produce.

As to ULC's position relating to the objectionable FRCP 30(b)6 topics, I am available to confer tomorrow. Again, in light of upcoming deadlines, I respectfully decline to wait until ULC can articulate its position as to topics on which it now

contends the witnesses were not sufficiently prepared to answer questions. Once you can articulate your position as to that issue, please do not hesitate to let me know and we can schedule conferral on that issue at a separate time.

In the meantime, I have seen no substantive explanation or response from ULC as to AMM's objections relating to topics 7,8,9,10,11,12,13, 22, 23, 24, 26, 30, 31, 38 and 51. If there is any further information, explanation or analysis you can share with me about ULC's position in advance of tomorrow's conferral, please forward it at your earliest convenience. I'd like to have a productive conferral.

Sincerely,

**Anne Cohen**
**Director**
*Admitted in Oregon, Washington and Utah*
Betts, Patterson & Mines, P.S.
US Bancorp Tower
111 SW 5th Avenue, Suite 3650
Portland, OR 97204
D 503.961.6540 | F 503.961.6339



**Confidentiality Notice:**  This email and any attachments may contain confidential or attorney-client protected information that may not be further distributed by any means without permission of the sender.  If you are not the intended recipient, you are hereby notified that you are not permitted to read its content and that any disclosure, copying, printing, distribution or use of any of the information is prohibited.  If you have received this email in error, please immediately notify the sender by return e-mail and delete the message and its attachments without saving in any manner.

**From:** Michael Galletch <mike@psbizlit.com>
**Sent:** Wednesday, April 22, 2020 3:06 PM
**To:** Anne Cohen <acohen@bpmlaw.com>; kelly.mennemeier@foster.com; Sheeba Roberts <sroberts@bpmlaw.com>; Ben Hodges <ben.hodges@foster.com>; Nancy Stephens <nancy.stephens@foster.com>
**Cc:** Mike Matesky <mike@mateskylaw.com>
**Subject:** RE: ULC v. Maurice King, et. al. - FRCP 30(b)6 Notice

Counsel:
Please see our letter of today's date attached.

Michael Galletch



411 University St., Ste 1200
Seattle, WA 98101
(206) 374-8500
web:  psbizlit.com

PRIVILEGED COMMUNICATION: This email and any attachments may be confidential and subject to the Attorney-Client privilege, and may have been prepared in the course of or in anticipation of litigation, in which case would also be subject to protection as Work Product.  If you are not, or do not appear to be, the intended recipient, any use, disclosure, copying, or distribution of this e-mail or any attachments is prohibited.  If you have, or believe you have, received this e-mail in error, please notify us immediately by replying (phone or e-mail) to the sender and delete all copies from your system.  Thank you, and we appreciate your cooperation.

**From:** Anne Cohen <acohen@bpmlaw.com>
**Sent:** April 22, 2020 10:22 AM
**To:** Michael Galletch <mike@psbizlit.com>; kelly.mennemeier@foster.com; Sheeba Roberts <sroberts@bpmlaw.com>; Ben Hodges <ben.hodges@foster.com>; Nancy Stephens <nancy.stephens@foster.com>

**Cc:** Mike Matesky <mike@mateskylaw.com>; Sheeba Roberts <sroberts@bpmlaw.com>; Sean M. Bettis <sbettis@bpmlaw.com>
**Subject:** RE: ULC v. Maurice King, et. al. - FRCP 30(b)6 Notice

Mike and Mike,

Please consider this a follow up to AMM's prior requests to confer on the FRCP 30(b)6 topics to which AMM objected and declined to designate a witness. With the discovery deadline rapidly approaching, we are seeking confirmation as to whether ULC agrees to forgo testimony from a FRCP 30(b)6 designee on these topics. Although we have attempted to raise this issue via correspondence with you on several occasions– both prior to the FRCP 30(b)6 depositions, as well as since the depositions – we have not had any response.

If a dispute remains as to the topics for which no witness has been designated by AMM, please let us know when you are available to confer. AMM intends to move for a protective order if we are unable to reach agreement; we would like to further understand ULC's position. However, if there is no dispute, there is no need for a protective order.

Please clarify at your earliest convenience.

Sincerely,

**Anne Cohen**
**Director**
*Admitted in Oregon, Washington and Utah*
Betts, Patterson & Mines, P.S.
US Bancorp Tower
111 SW 5th Avenue, Suite 3650
Portland, OR 97204
D 503.961.6540 | F 503.961.6339



Confidentiality Notice:  This email and any attachments may contain confidential or attorney-client protected information that may not be further distributed by any means without permission of the sender.  If you are not the intended recipient, you are hereby notified that you are not permitted to read its content and that any disclosure, copying, printing, distribution or use of any of the information is prohibited.  If you have received this email in error, please immediately notify the sender by return e-mail and delete the message and its attachments without saving in any manner.