UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE,<br><br>Plaintiff,<br><br>v.<br><br>MAURICE KING, *et al.*,<br><br>Defendants. | NO. C19-0301RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on "Plaintiff's Motion to Compel Responses to Requests for Production" that were served in July 2019. Dkt. # 37.[1] Plaintiff argues that defendant American Marriage Ministries ("AMM") should be compelled to review its files for responsive documents without resort to search terms and to supplement its production. Because plaintiff did not make a good faith effort to confer with AMM regarding this dispute prior to filing its motion, the motion to compel is DENIED.

The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37(a)(1)(A) are imposed for the benefit of the Court and the parties. They are intended to ensure

---

[1] Because this matter can be resolved on the papers submitted, plaintiff's request for oral argument is DENIED.

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 1

that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the Rule would have involved face-to-face or telephonic communications regarding the extent of AMM's production, whether that production was complete, plaintiff's concerns regarding the production, and whether the use of search terms to narrow the universe of documents to be reviewed had adversely impacted the production. That did not happen. In filing this motion, plaintiff relied on (1) a meet and confer that occurred in October 2019, before AMM made four rolling productions, and (2) a letter sent in January 2020. The October 2019 meet and confer occurred before plaintiff provided any search terms to guide AMM's document review and did not include a discussion of the reasons or justifications for AMM's refusal to respond to thirteen requests for production. AMM then made four productions before plaintiff sent the January 2020 letter, which included three and a half pages of shortcomings and concerns regarding AMM's productions. The parties never discussed these items. Rather, plaintiff declared that "[w]e believe we have satisfied [our] obligations under LCR 37(a)(1) despite your refusal to discuss AMM's decision to not produce documents in response to 13 RFPs during our October 16, 2019[,] conference." Dkt. # 38 at 113. Plaintiff then put the onus on defendant to organize a meet and confer if defendant thought further discussion would be helpful.

        That is not how LCR 37(a)(1) works. Plaintiff, as the moving party, must confirm that the parties have reached an impasse on every issue that is brought before the Court. Inquiring whether defendant would like to continue discussing perceived shortcomings in the production and threatening - then filing - a motion to compel is insufficient. As is clear from the memoranda, plaintiff had little information regarding the status of AMM's on-going review and

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 2

production, AMM lacked information regarding the details of plaintiff's criticisms, and the parties had room to negotiate and reach a fuller understanding of the options available to them. Plaintiff's precipitous filing of this motion ended any chance that the parties could resolve this dispute without Court intervention. The motion to compel is therefore DENIED.

Dated this 8th day of June, 2020.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 3