The Honorable Robert S. Lasnik

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit corporation,<br><br>         Plaintiff,<br><br> v.<br><br>MAURICE KING; LEWIS KING; GLEN YOSHIOKA; DYLAN WALL; SARA WHITE; and AMERICAN MARRIAGE MINISTRIES, a Washington non-profit corporation,<br><br>         Defendants. | Case No. 2:19-cv-00301-RSL<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| AMERICAN MARRIAGE MINISTRIES, a<br><br>   Counter-Claimant and<br>   Third-Party Plaintiff,<br><br> v.<br><br>UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE; UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, INC.,<br><br>   Counter-Defendant and<br>   Third-Party Defendants. | |

[Proposed] Order Granting Plaintiff's
Motion for Partial Summary Judgment– 0
2:19-cv-00301-RSL

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA  98154
Ph: 206.701.0331
Fax: 206.701.0332

This matter comes before the Court upon Plaintiff Universal Life Church Monastery Storehouse's ("*ULC Monastery*") Motion for Partial Summary Judgment (ECF No. __). The Court has considered that Motion, the supporting Declarations of Michael P. Matesky, II (ECF No. __), George Freeman, and Brian Wozeniak (ECF No. __), and exhibits thereto; Defendant American Marriage Ministries' ("*AMM*") Opposition / Response (ECF No. ____) ; and ULC Monastery's Reply (ECF No. ____). For the following reasons, the Motion is hereby GRANTED.

1. On March 26, 2019, AMM filed seven counterclaims: **(1)** Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114; **(2)** Cybersquatting under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); **(3)** False Advertising and Commercial Disparagement under the Lanham Act, 15 U.S.C. § 1125(a); **(4)** Violation of the Washington Consumer Protection Act ("WCPA"), RCW 19.86; **(5)** common law Defamation *Per Se*; **(6)** common law Trade Libel; and **(7)** common law Trademark Infringement. (ECF Nos. 6, 28)

2. The pleadings and undisputed facts show that AMM's WCPA, defamation, trade libel, and common law trademark infringement counterclaims are barred by the applicable statutes of limitations.

3. "A statute of limitation bars plaintiff from bringing an already accrued claim after a specified period of time." *Rice v. Dow Chemical Co.*, 124 Wn.2d 205, 211 (Wash. 1994). A claim generally accrues when the underlying actions giving rise to the claim occur. *White v. Johns-Mansville Corp.,* 103 Wash.2d 344, 348 (1985).

4. AMM's counterclaims for defamation and trade libel are subject to a two-year limitations period. RCW 4.16.100(1); *see Eastwood v. Cascade Broad. Co.,* 106 Wn.2d 466, 722

[Proposed] Order Granting Plaintiff's Motion for Partial Summary Judgment– 1
2:19-cv-00301-RSL

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA  98154
Ph: 206.701.0331
Fax: 206.701.0332

P.2d 1295 (1986); *see also GOLO, LLC v. HighYa, LLC*, 310 F. Supp. 3d 499, 507 (E.D. Pa. 2018); *Enigma Software Group USA, LLC v. Bleeping Computer LLC*, 194 F. Supp. 3d 263, 276 (S.D.N.Y. 2016) (same).

5. AMM's counterclaims for defamation and trade libel accrued on November 17, 2014, when AMM alleges ULC Monastery began publishing false and defamatory statements regarding AMM on the Americanmarriageministries.com site. ECF No. 28, ¶¶ 82, 90-93, 173, 178. There is no evidence that such publication was concealed, AMM was aware of the Americanmarriageministries.com site, and should have known of such publication in the exercise of reasonable diligence. In any case, AMM's counterclaims for defamation and trade libel accrued no later than December 26, 2014, by which date AMM testified it had actual knowledge of the publication of allegedly false and defamatory statements on Americanmarriageministries.com. Matesky Decl. Ex. B at 163:3-9. Because AMM filed its defamation and trade libel counterclaims over two years after they accrued, they are barred by the statute of limitations.

6. AMM's counterclaim for violation of the WCPA is subject to a two-year limitations period to the extent it arises from the same acts underlying AMM's defamation and trade libel claims, and subject to a three-year limitations period to the extent it arises from the same acts underlying AMM's common law trademark infringement counterclaim. *See Killian v. Seattle Pub. Sch.*, 189 Wn.2d 447, 455 (2017) (plaintiff's WCPA claim subsumed by "duty of fair representation" claim, subject to 2 year limitations period); *see also Eastwood,* 106 Wn.2d at 469 (two-year limitations period for defamation applied to false light publicity claim based on same acts).

[Proposed] Order Granting Plaintiff's Motion for Partial Summary Judgment– 2
2:19-cv-00301-RSL

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA  98154
Ph: 206.701.0331
Fax: 206.701.0332

7. AMM's counterclaim for violation of the WCPA accrued no later than December 26, 2014. As discussed above, by that time, AMM had actual knowledge of the acts underlying its WCPA claim, which are the same acts underlying its defamation, trade libel, and common law trademark infringement claims. Because AMM filed its WCPA counterclaim over four years after it accrued, it is barred by the statute of limitations. The same result would obtain under RCW 19.86.120.

8. AMM's three federal counterclaims, Lanham Act trademark infringement, violation of the Anti-Cybersquatting Consumer Protection Act, and Lanham Act False Advertising and Commercial Disparagement, are barred by laches.

9. Laches applies where (1) the claimant unreasonably delayed in filing suit, and (2) such delay caused the defendant to suffer some prejudice. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.,* 304 F.3d 829, 835 (9th Cir. 2002). Because AMM waited beyond the analogous limitations period to file its federal counterclaims, laches is presumed to apply. *Id.* at 837-38. AMM has not come forth with evidence sufficient to meet its burden to disprove the elements of laches.

10. AMM's delay in bringing suit beyond the analogous limitations periods is presumptively unreasonable, and AMM's own testimony shows that the reason for its delay was simply to avoid interacting with ULC Monastery. This is insufficient justification. *See Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1102 (9th Cir. 2004) ("Companies expecting judicial enforcement of their marks must conduct an effective policing effort.")

11. AMM's delay in bringing suit presumptively caused prejudice to ULC Monastery, and AMM has not come forth with sufficient evidence to disprove such prejudice.

[Proposed] Order Granting Plaintiff's
Motion for Partial Summary Judgment– 3
2:19-cv-00301-RSL

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331
Fax: 206.701.0332

12. AMM's own claims and testimony show that ULC Monastery suffered prejudice in increased potential liability that would not have been at issue if AMM had filed suit promptly. *See Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984).

13. The undisputed evidence shows that ULC Monastery's ability to muster evidence to defend itself against AMM's claims of bad faith intent, damages, and the validity of AMM's claimed "American Marriage Ministries" trademark has also been prejudiced by AMM's delay in filing suit. *See Jackson v. Axton*, 25 F.3d 884, 889 (9th Cir. 1994).

14. Summary judgment dismissing AMM's counterclaims based on alleged misuse of AMM's claimed "American Marriage Ministries" trademark—Lanham Act and common law trademark infringement, violation of the ACPA, and Lanham Act False Advertising and Commercial Disparagement—is also appropriate, because AMM has not come forth with evidence sufficient to establish rights in its claimed "American Marriage Ministries" mark.

15. It is AMM's burden to prove validity of its claimed "American Marriage Ministries" mark. *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002). AMM's Registration No. 4887624 for the claimed "American Marriage Ministries" mark constitutes prima facie evidence of validity and distinctiveness, but only as of the date of registration: January 19, 2016. *Id.*; *Zinner v. Olenych,* 108 F. Supp. 3d 369, 383 (E.D. Va. 2015).

16. The survey evidence of Rhonda Harper showing that the claimed "American Marriage Ministries" mark has not obtained secondary meaning is sufficient to pierce any presumption of validity, placing the burden back on AMM to prove distinctiveness and validity. *Tie Tech*, 296 F.3d at 783. This burden requires an especially strong showing of secondary meaning, because the claimed "American Marriage Ministries" mark is highly descriptive of

[Proposed] Order Granting Plaintiff's Motion for Partial Summary Judgment– 4
2:19-cv-00301-RSL

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA  98154
Ph: 206.701.0331
Fax: 206.701.0332

AMM's services. *See Filipino Yellow Pages v. Asian Journal*, 198 F.3d 1143, 1151 (9th Cir. 1999). AMM has not come forth with evidence sufficient to meet this burden.

17. AMM was required to show that its claimed "American Marriage Ministries" mark was distinctive at the time the alleged infringement and cybersquatting began. *See Converse, Inc. v. USITC*, 909 F.3d 1110, 1116-17 (Fed. Cir. 2018); *GoPets Ltd. v. Hise,* 657 F.3d 1024, 1030 (9th Cir. 2011). The alleged infringement and cybersquatting began no later than July 28, 2011. AMM itself claimed that the alleged infringement began no later than July 12, 2014. AMM did not come forth with sufficient evidence to meet this burden.

18. Summary judgment dismissing AMM's counterclaims based on alleged misuse of AMM's claimed "American Marriage Ministries" trademark—Lanham Act and common law trademark infringement, violation of the ACPA, and Lanham Act False Advertising and Commercial Disparagement—is also appropriate, because the undisputed facts show that ULC Monastery's alleged misuse is non-infringing.

19. The Lanham Act does not prohibit use of a trademark as a domain name to publish a commentary site regarding the claimant, without selling goods and services on the site. *See Bosley Medical Institute, Inc. v. Kremer*, 402 F.3d 672, 676 (9th Cir. 2005). Accordingly, AMM's trademark claims based on the Americanmarriageministries.com site fail as a matter of law.

20. The undisputed facts show that ULC Monastery use of the claimed "American Marriage Ministries" mark on the Americanmarriageministries.com site constitutes nominative fair use. The undisputed facts show that (1) AMM is not readily identifiable without use of the claimed "American Marriage Ministries" mark, (2) ULC Monastery uses only so much of the claimed mark as is reasonably necessary, and (3) such use did not suggest sponsorship or

[Proposed] Order Granting Plaintiff's Motion for Partial Summary Judgment– 5
2:19-cv-00301-RSL

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331
Fax: 206.701.0332

endorsement. Accordingly, ULC Monastery's use of the claimed "American Marriage Ministries" mark on the Americanmarriageministries.com site constitutes nominative fair use as a matter of law. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884 (9th Cir. 2019).

21.     The undisputed facts show that ULC Monastery's use of the words "American marriage ministries" on the GetOrdained.org and ULC.org sites is classic or descriptive fair use. The undisputed facts show that ULC Monastery (1) is not using the words "American marriage ministries" as a trademark, (2) uses the term only to describe the services of U.S.-based marriage ministries, and (3) uses the term fairly and in good faith. Accordingly, ULC Monastery's use of the words "American marriage ministries" on the GetOrdained.org and ULC.org sites constitutes fair use as a matter of law. *Bell v. Harley Davidson Motor Co.*, 539 F.Supp.2d 1249, 1257 (S.D. Cal. 2008).

22.     AMM has not come forth with evidence on which a reasonable jury could find that a "reasonably prudent" visitor to Americanmarriageministries.com, GetOrdained.org, or ULC.org is likely to be confused as to source, sponsorship, or affiliation between AMM and ULC Monastery, due to ULC Monastery's use of the words "American marriage ministries" on such sites.

Therefore, it is hereby ORDERED that Plaintiff's Partial Motion for Summary Judgment is GRANTED, and each of AMM's counterclaims is dismissed.

DATED this _____ day of _____, 2020.

_____
THE HONORABLE ROBERT S. LASNIK
United States District Judge

[Proposed] Order Granting Plaintiff's Motion for Partial Summary Judgment– 6
2:19-cv-00301-RSL

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA  98154
Ph:  206.701.0331
Fax: 206.701.0332

**Presented by:**

DATED: 6/16/2020    s/Michael P. Matesky, II

Michael P. Matesky, II (WSBA No. 39586)
Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331
Fax: 206.701.0332
Email: mike@mateskylaw.com;
litigation@mateskylaw.com

Michael B. Galletch, (WSBA No. 29612)
411 University Street, Suite 1200
Seattle, WA 98101-2519
Ph: (206) 898-8040
Email: mike@psbizlit.com

Attorneys for Plaintiff

[Proposed] Order Granting Plaintiff's Motion for Partial Summary Judgment– 7
2:19-cv-00301-RSL

Matesky Law PLLC
1001 4th Ave., Suite 3200
Seattle, WA 98154
Ph: 206.701.0331
Fax: 206.701.0332