UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE,<br><br>Plaintiff,<br><br>v.<br><br>MAURICE KING, *et al.*,<br><br>Defendants. | NO. C19-0301RSL<br><br>ORDER REGARDING AMERICAN MARRIAGE MINISTRIES' AMENDED MOTION TO SEAL |

This matter comes before the Court on American Marriage Ministries' requests to seal documents submitted as part of its response to plaintiff's motion for summary judgment. The motion to seal initially sought permission to file the response memorandum and sixteen exhibits under seal. *See* Dkt. # 121-123. After further consultation between the parties, American Marriage Ministries ("AMM") has gradually reduced the scope of the redactions and/or the number of exhibits it seeks to have filed under seal. *See* Dkt. # 134-141 and Dkt. # 146-150. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) A redacted version of AMM's opposition memorandum had been filed for public viewing at Dkt. # 119. The unredacted version, Dkt. # 122, will remain under seal because the

ORDER REGARDING AMENDED
MOTION TO SEAL - 1

redactions are fairly minimal. The Court notes, however, that AMM redacted information only because plaintiff designated it as "Confidential" or "Attorney's Eyes Only" during discovery. Plaintiff made no effort to justify its designations or otherwise satisfy its burden under LCR 5(g). To the extent the redacted information is key to the claims at issue in the motion for summary judgment - for example, to the extent the documents are relevant to AMM's claim that plaintiff intentionally misdirected internet users looking for AMM through the improper use of AMM's trade name or mark - the Court is not bound by plaintiff's unilateral designations.

(2) AMM, with the concurrence of plaintiff, has withdrawn its request that Exhibits 3, 4, 6, 7, 9-13, 19, 20, 23, and 24 be filed under seal. Redacted, publicly available versions of those exhibits have been filed at Dkt. # 147. Plaintiff justifies the redactions on the ground that the information is irrelevant to the issues raised in the motion for summary judgment, such that the redactions will in no way impede the public's understanding of the case. The unredacted versions of the Exhibits will therefore remain under seal. If, however, the Court finds that the information is relevant, it will not be bound by plaintiff's unilateral and unsupported confidentiality designations.

(3) With regards to Exhibits 5 and 14, plaintiff has submitted redacted versions for public viewing at Dkt. # 145-1 and # 145-2. The unredacted versions of the Exhibits will remain under seal because the redactions are fairly minimal. Plaintiff argues that the information redacted from these exhibits is sensitive, confidential, and/or trade secret. While some of the redacted information reveals business relationships, pricing, and other confidential information worthy of protection, at least some of the redacted material appears to be highly relevant to the issue of whether plaintiff intentionally used AMM's trade name and mark to siphon business away from

ORDER REGARDING AMENDED
MOTION TO SEAL - 2

a competitor. To the extent the redacted information is key to the claims at issue in the motion for summary judgment, the public's interest may outweigh plaintiff's concern that the information could be used to gain an unfair advantage in business.

(4) With regards to Exhibit 8, plaintiff states only that it "has no objection to AMM's Motion to Seal." Dkt. # 143 at 1. That statement in no way justifies a seal. A review of the document suggests that it may well be relevant to the issues raised by the summary judgment motion and that the information contained therein has nothing to do with the types of commercially sensitive information courts generally protect, such as customer or price lists, sales projections, or marketing plans. At this stage, the Court will allow the document (Dkt. # 149) to remain under seal, but again with the caveat that plaintiff's claim of confidentiality may give way to the public's need for access if the information is critical to understanding the issues.

For all of the foregoing reasons, Dkt. # 122, 123, 136-141, and 148-150 will remain under seal. Redacted versions of all of the documents except Exhibit 8 are available for public viewing. If a full and fair consideration of the issues raised in the motion for summary judgment requires disclosure of the redacted information and if its protected nature is not apparent, the Court will not be constrained by plaintiff's unilateral confidentiality designations.

Dated this 25th day of August, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING AMENDED
MOTION TO SEAL - 3