UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNIVERSAL LIFE CHURCH
MONASTERY STOREHOUSE,

          Plaintiff,

    v.

MAURICE KING, *et al.*,

          Defendants.

NO. C19-0301RSL

ORDER EXTENDING CERTAIN
CASE MANAGEMENT
DEADLINES

     This matter comes before the Court on defendant American Marriage Ministries' "Motion for Clarification and Extension of Time." Dkt. # 163.[1] On July 13, 2020, the Court overruled plaintiff Universal Life Church Monastery Storehouse's objections to certain third-party subpoenas. Dkt. # 128. AMM asserts that it timely notified the third parties of the Court's determination and requested production in response to the subpoenas. At least five of the third-parties produced documents between July 13th and September 10th. AMM asserts, however, that the productions were incomplete and/or that production was delayed because of the third-parties' notice and permission protocols. AMM seeks a further extension of the discovery deadline to

---

[1] This matter can be resolved on the papers submitted. AMM's request for oral argument is DENIED.

ORDER EXTENDING CERTAIN
CASE MANAGEMENT DEADLINES - 1

complete third-party discovery from Google, Portent, Microsoft, Your Man Friday, Go Daddy, Authorize.net, and JPMorgan Chase. Dkt. # 163-1 at 2 (AMM's proposed order).[2] AMM also seeks clarification regarding the impact of the Court's May 6, 2020, minute order striking "the deadline for submitting motions in limine, the trial date, and the remaining pretrial deadlines." Dkt. # 83 at 1.[3]

**A. Extension of Third-Party Discovery**

Pursuant to Rule 16(b), AMM must show good cause for the an extension of the discovery deadline so that it can complete third-party discovery. AMM provides very little evidence in support of its request, however. Most of the evidence submitted relates to AMM's efforts to obtain documents from Google (Dkt. # 164-1, # 164-2, # 164-3, # 168-1, and # 168-3) and Microsoft (Dkt. # 164-4). Key assertions, such as that AMM "has continued to follow up on the third-party subpoenas" served on Portent, Your Man Friday, Go Daddy, Authorize.net, and JPMorgan Chase (Dkt. # 163 at 4) and that the third-parties "had difficulty locating relevant records for ULC and requested additional time" to respond to the subpoenas (Dkt. # 167 at 5), are unsupported by declaration, exhibit, or reasonable inference. While AMM has shown that it contacted Google and Microsoft shortly after the Court overruled ULC's objections and made subsequent efforts to obtain production from those third-parties, it has not shown that it was diligent in its efforts to obtain the documents it was seeking from Portent, Your Man Friday, Go

---

[2] Given the primacy of the Google-related arguments and evidence, the Court presumes that its absence from the list of third-parties in the proposed order is an oversight.

[3] In reply, AMM argues that ULC improperly curtailed the topics about which ULC would permit its Rule 30(b)(6) designee to testify. This argument is extraneous to the relief requested in the motion and has therefore not been considered.

ORDER EXTENDING CERTAIN
CASE MANAGEMENT DEADLINES - 2

Daddy, Authorize.net, or JPMorgan Chase.[4]

**B. Clarification Regarding Case Management Deadlines**

In a departure from the Court's normal practice, the minute order striking remaining case management deadlines was issued in this case before the summary judgment deadline had passed. In these circumstance, the language of the minute order is ambiguous: the Court's reference to "remaining pretrial deadlines" could include the dispositive motion deadline or it could simply refer to deadlines associated with the trial itself (such as the dates by which the pretrial order and exhibits must be submitted). In light of the ambiguity and AMM's showing of good cause as discussed above, the Court will exercise its discretion to reopen discovery for limited purposes and reset the settlement and dispositive motion deadlines.

For all of the foregoing reasons, AMM's motion for clarification and an extension of the discovery deadline is GRANTED in part. Discovery will be reopened for forty-five days from the date of this Order. The sole purpose of the extension is to allow defendant AMM to obtain documents and testimony from Google and Microsoft in response to the subpoenas issued in the spring of this year. No other discovery or discovery-related motions are permitted. The Court hereby resets the attorney settlement conference deadline for February 12, 2021, and the

---

[4] To the contrary, there is evidence from which one could conclude that AMM has been dilatory with regards to certain third-parties. JPMorgan Chase, for example, was not the subject of ULC's objections or the Court's July 13th Order. *See* Dkt. # 128 at 7, n.3 (noting that ULC was not seeking to quash the subpoena issued to JPMorgan Chase). AMM has not provided any information regarding the status of JPMorgan Chase's production or why it waited until now to raise any deficiencies. In addition, it appears that Your Man Friday responded to AMM's subpoena in May 2020, more than four months before AMM filed this motion to extend discovery. If the production were incomplete or insufficient, AMM could have, with diligence, sought relief within the time allowed.

ORDER EXTENDING CERTAIN
CASE MANAGEMENT DEADLINES - 3

dispositive motion deadline for March 4, 2021.

Within twenty-one days of the Court's resolution of the summary judgment motion(s),[5] the parties shall file a joint status report addressing the following issues: (a) whether the parties agree to waive jury and proceed with a remote bench trial; (b) the number of court days needed to try the remaining claims; (c) whether settlement is possible; and (d) mechanisms and/or procedures that could be utilized to shorten the trial, such as submitting deposition testimony or expert reports in lieu of live witnesses, stipulating to undisputed facts, *etc*. The Court will use the joint status report submitted by the parties to reset the motion in limine, pretrial, and trial dates in this matter.

Dated this 14th day of December, 2020.

Robert S. Lasnik
United States District Judge

---

[5] If no summary judgment motions are filed, the parties shall submit the joint status report on or before January 21, 2021.

ORDER EXTENDING CERTAIN
CASE MANAGEMENT DEADLINES - 4