1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE WESTERN DISTRICT OF WASHINGTON

9

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit corporation, Plaintiff, v. MAURICE KING, LEWIS KING, GLEN YOSHIOKA, DYLAN WALL, SARA WHITE, and AMERICAN MARRIAGE MINISTRIES, a Washington non-profit corporation, Defendants | Case No. 2:19-CV-00301-RSL **DEFENDANT/COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL DEPOSITION TESTIMONY FROM MICROSOFT** **The Honorable Robert S. Lasnik** **NOTING DATE: January 22, 2020** |
| AMERICAN MARRIAGE MINISTRIES, a Washington non-profit corporation, Counter-Claimant/ Third-Party Plaintiff, v. UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit corporation; and UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, INC., a Washington non-profit corporation, Counter-Defendants/ Third-Party Defendants. | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

///

**DEFENDANT/COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL DEPOSITION TESTIMONY FROM MICROSOFT - 1 Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**INTRODUCTION AND RELIEF REQUESTED**

Pursuant to Fed. R. Civ. P. 37, Fed. R. Civ. P. 26, and LCR 37, Defendant/Counter-Claimant American Marriage Ministries (hereinafter "AMM") moves for an Order compelling third-party Microsoft to submit to deposition.  AMM requests a short extension of the current fact discovery deadline in order to take the deposition of third party Microsoft as previously ordered by the Court in its December 14, 2020 Order. (Dkt. 171.)

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1), defense counsel engaged in conferral with counsel for Microsoft to schedule a mutually agreeable date and time for a remote deposition.  Counsel met and conferred in good faith by telephone on December 23, 2020, during which Microsoft raised objections to AMM's Subpoena for Deposition.  Counsel were not able to resolve this discovery dispute.  AMM now respectfully requests the assistance of the Court.

**STATEMENT OF FACTS**

**1.      Factual Background**

Plaintiff ULC and Defendant AMM are competitors, both providing online ordination services generating sales revenue through their respective websites.  ULC brings claims against AMM alleging that AMM made false, defamatory, or misleading statements about ULC in violation of the Lanham Act and the Washington Consumer Protection Act ("CPA"), as well as a claim for defamation *per se*.  AMM has filed counterclaims arising from ULC's misleading and unauthorized use of AMM's trademark.  Both parties seek injunctive relief and monetary damages.

///

///

///

///

**DEFENDANT/COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL DEPOSITION TESTIMONY FROM MICROSOFT - 2**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

2.      **Relevant Procedural History**

AMM served its Subpoena Duces Tecum and its Subpoena for Deposition on Microsoft on April 3, 2020.  Roberts Decl., Ex. 1.  On April 23, 2020, ULC filed a Motion for Protective Order to Quash the Subpoenas.  (Dkt. 66.)  The Court issued an Order on July 13, 2020, denying ULC's Motion to Quash the Subpoenas to Microsoft.  (Dkt. 128.)

Counsel for AMM followed up with Microsoft regarding AMM's Subpoena for Documents and Deposition Testimony on July 14, 2020, notifying Microsoft of the Court's Order denying ULC's Motion to Quash the Subpoenas.  Roberts Decl., Ex. 2, p. 2.  On September 10, 2020, Microsoft finally provided documents regarding ULC's Bing account. Roberts Decl., Ex. 3.  Microsoft stated that it was willing to provide an affidavit to authenticate the documents in lieu of a deposition.  Id.

On September 10, 2020, AMM filed a Motion for Clarification seeking an extension of the fact discovery deadline in order to obtain outstanding documents from third-parties, including Microsoft, and to take third-party depositions.  (Dkt. 163.)  On December 14, 2020, the Court granted in part AMM's Motion and extended the fact discovery deadline to January 28, 2021, to allow AMM to take the depositions of third party Microsoft. (Dkt. 171.)

On December 14, 2020, through December 18, 2020, counsel for AMM corresponded with Microsoft regarding AMM's Subpoena for Deposition and scheduling Microsoft's deposition.  Roberts Decl., Ex. 4.  On December 21, 2020, Microsoft informed counsel for AMM that it had obtained outside counsel from Davis Wright Tremaine and that they would be following up shortly.  Roberts Decl., Ex. 5.  On December 23, 2020, counsel from Davis Wright Tremaine met and conferred with counsel for AMM.  Roberts Decl., Ex. 6.  Microsoft took the position that a deposition would be unduly burdensome and offered to provide a declaration in lieu of a deposition.  Roberts Decl., ¶ 7.  Microsoft also took the position that the scope of AMM's Subpoena would not cover issues such as the process for pulling the data and documents

**DEFENDANT/COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL DEPOSITION TESTIMONY FROM MICROSOFT - 3**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

it produced, what those data and documents referred to, and any testimony regarding an explanation of Microsoft's Bing product.  Id.  On December 30, 2020, Counsel for AMM reiterated its position that a deposition was necessary and that a declaration in lieu of a deposition would not be sufficient.  Roberts Decl., Ex. 6.  Counsel for AMM has been cooperative in attempting to schedule a mutually agreeable date and time for deposition, but Microsoft has made it clear that is unwilling to submit to a deposition.

## ARGUMENT

### 1.     Discovery Standard

Fed. R. Civ. P. 26(b) provides that parties may obtain discovery regarding,

> …any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the party's resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs the likely benefit.

Fed. R. Civ. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable."  Id.  "[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16."  *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828 833 (9th Cir. 2011); *Wagafe v. Trump*, No. 2:17-CV-00094-RAJ, 2018 WL 348470, at *1 (W.D. Wash. Jan. 10, 2018); *Estate of Makarowsky ex. rel. Gast v. Lobdell*, No. 10-CV-5423-RBL, 2012 WL 5207541, at *2 (W.D. Wash. Oct. 22, 2012).  "A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or response."  Fed. R. Civ. P. 37(a)(4).

### 2.     Microsoft's Objections to Deposition Testimony

Fed. R. Civ. P. 30 governs depositions by oral examination.  Rule 30(a)(1) provides that, "[a] party may by oral questions depose any person…without leave of court…." Fed. R. Civ.

**DEFENDANT/COUNTER-CLAIMANT AMERICAN MARRIAGE
MINISTRIES' MOTION TO COMPEL DEPOSITION TESTIMONY
FROM MICROSOFT - 4
Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

P. 45 provides that a subpoena may be issued commanding "each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45, advisory committee notes (1970).

On April 3, 2020, AMM served a Subpoena seeking to depose Microsoft's custodian of records or other representative who pulled the documents responsive to the Subpoena. Roberts Decl., Ex. 1. On September 10, 2020, Microsoft produced data from ULC's Bing account including Excel reports which extracted information from Microsoft's Bing product. Roberts Decl, Ex. 3. The data extracted includes information regarding online transactions across several ULC webpages, information regarding ULC's ad campaigns, among other information. AMM seeks a deposition of a representative of Microsoft to authenticate the documents produced by Microsoft, explain the process utilized for extracting the data from ULC's Bing account, an explanation of the data Bing extracted, and testimony regarding the operation of the Microsoft's Bing product. Such testimony may prove essential, as ULC has indicated through objections at party depositions that it may not accept party testimony about such matters. Microsoft has offered to provide a declaration in lieu of deposition. Roberts Decl., ¶ 7. Microsoft has stated that it would be unduly burdensome and expensive for a representative from Microsoft to testify at a deposition. Id.

AMM's Subpoena for Deposition seeks information and documents relevant to the claims, counterclaims, and defenses in this case. ULC's claims against AMM allege that AMM made false, defamatory, or misleading statements about ULC that caused monetary damages to ULC. AMM has raised counterclaims asserting that ULC has engaged in misleading, deceptive, and unauthorized use of AMM's trademark, thereby causing monetary damages to AMM. A

**DEFENDANT/COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL DEPOSITION TESTIMONY FROM MICROSOFT - 5**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1    deposition of Microsoft's representative regarding the Bing documents Microsoft produced on

2    September 10, 2020, will likely bear on liability and damages on the claims and counterclaims

3    in this case.  Testimony regarding ULC's Bing account will help illuminate data regarding web

4    traffic, online transactions, search engine optimization, and online advertising that are critical

5    to this case.  Analytics data regarding web traffic to certain domains at certain points in time

6    will, for instance, directly bear on issues such as whether web traffic increased as ULC added

7    unauthorized uses of AMM's trademark to its webpages and how many people actually viewed

8    ULC's unauthorized uses of AMM's trademark. Microsoft is in the best position to offer

9    testimony regarding its own products and the data and documents it produced or will produce

10   responsive to AMM's Subpoena.  During conferral with counsel, Microsoft has not articulated

11   why a deposition of its custodian of records or other representative involved in producing

12   responsive documents would be unduly burdensome other than the time and expense of having

13   to take a deposition generally.  Depositions of third-parties are routine in the course of litigation,

14   and the time and expense of these depositions are often borne by third-parties in the interests of

15   justice.  Microsoft is not subject to any special exception.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

**DEFENDANT/COUNTER-CLAIMANT AMERICAN MARRIAGE
MINISTRIES' MOTION TO COMPEL DEPOSITION TESTIMONY
FROM MICROSOFT - 6
Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1

## CONCLUSION

2          For the foregoing reasons, AMM requests that the Court grant its Motion to Compel

3     Deposition Testimony from Microsoft.  AMM respectfully requests a short extension of the

4     current fact discovery deadline of an additional 30 days following the Court's Order on this

5     Motion to allow AMM to take Microsoft's deposition.

6          DATED this 7th day of January 2021.

7                                            BETTS, PATTERSON & MINES, P.S.

8

9                                   By: */s/ Sheeba Roberts*
                                          Anne Cohen, WSBA No.: 41183
10                                         Sheeba Roberts, *Pro Hac Vice*
                                          Email: acohen@bpmlaw.com
11                                               sroberts@bpmlaw.com

12                                         Kelly A. Mennemeier, WSBA No.: 51838
                                          Nancy V. Stephens, WSBA No. 31510
13                                         Benjamin J. Hodges, WSBA No. 49301
                                          FOSTER GARVEY P.C.
14                                         1111 Third Ave., Suite 3000
                                          Seattle, WA 98101-3292
15

16                                         Of Attorneys for American Marriage Ministries

17

18

19

20

21

22

23

24

25

**DEFENDANT/COUNTER-CLAIMANT AMERICAN MARRIAGE
MINISTRIES' MOTION TO COMPEL DEPOSITION TESTIMONY
FROM MICROSOFT - 7
Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2021, the foregoing **AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL DEPOSITION TESTIMONY FROM MICROSOFT** was electronically filed with U.S. District Court for the Western District of Washington through the CM/ECF eFiling system.

I further certify that on January 7, 2021, I served a copy of the foregoing on:

| | |
|---|---|
| Michael P. Matesky, II<br>Matesky Law PLLC<br>4500 9th Ave., NE, Suite 300<br>Seattle, WA  98105<br>**Fax: 206-701-0332**<br>**Email:  mike@mateskylaw.com**<br>**litigation@mateskylaw.com**<br>*Of Attorneys for Plaintiff* | Michael B. Galletch<br>Puget Sound Business & Litigation PLLC<br>411 University Street, Suite 1200<br>Seattle, WA  98101<br>**Fax:  ---**<br>**Email:  mike@psbizlit.com**<br>*Of Attorneys for Plaintiff* |
| Kelly Ann Mennemeier<br>Nancy V. Stephens<br>Benjamin J. Hodges<br>Foster Garvey P.C.<br>1111 Third Ave., Suite 3000<br>Seattle, WA  98101-3299<br>**Fax: 206-447-9700**<br>**Email:  Kelly.mennemeier@foster.com**<br>**Nancy.stephens@foster.com**<br>**Ben.hodges@foster.com**<br>*Of Attorneys for American Marriage Ministries* | |

_____  by mailing to each of the foregoing a copy thereof, placed in a sealed envelope addressed as listed above and deposited in the United States mail at Portland, Oregon, and that postage thereon was fully prepaid.

_____  by facsimile transmission to the number shown above.

  X  by additional e-service through the E-Filing system, if party was registered.

  X  by courtesy email to the email addresses shown above.

*/s/ Carrie J. Cook*
_____

Carrie J. Cook, CP
Legal Assistant/Certified Paralegal

**DEFENDANT/COUNTER-CLAIMANT AMERICAN MARRIAGE MINISTRIES' MOTION TO COMPEL DEPOSITION TESTIMONY FROM MICROSOFT - 8**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988