1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE WESTERN DISTRICT OF WASHINGTON

10

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit corporation, Plaintiff, v. MAURICE KING, LEWIS KING, GLEN YOSHIOKA, DYLAN WALL, SARA WHITE, and AMERICAN MARRIAGE MINISTRIES, a Washington non-profit corporation, Defendants | Case No. 2:19-CV-00301-RAJ **AMERICAN MARRIAGE MINISTRIES' MOTION FOR EXTENSION OF TIME** **The Honorable Richard A. Jones** **NOTING DATE: March 12, 2021 NO ORAL ARGUMENT REQUESTED** |
| AMERICAN MARRIAGE MINISTRIES, a Washington non-profit corporation, Counter-Claimant/ Third-Party Plaintiff, v. UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit corporation; and UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, INC., a Washington non-profit corporation, Counter-Defendants/ Third-Party Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**AMERICAN MARRIAGE MINISTRIES' MOTION FOR EXTENSION OF TIME  - 1 Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# I.     MOTION

Defendant and Counter-Claimant American Marriage Ministries ( "AMM") respectfully requests that the Court extend the current fact discovery deadline of March 1, 2021, to April 1, 2021.  This brief extension will allow AMM to complete motion practice in the Northern District of California to enforce its subpoenas for deposition and production of documents served upon Google.  Dkt. 191.[1]

## II.     STATEMENT OF FACTS

### 1.     Factual Background

Plaintiff Universal Life Church Monastery Storehouse ("ULC") and AMM are competitors, both providing online ordination services generating sales revenue through their respective websites.  Dkt. 27.  ULC alleges that AMM made false, defamatory, or misleading statements about ULC in violation of the Lanham Act and the Washington Consumer Protection Act ("CPA").  Id.  ULC also claims defamation *per se*.  Id.  AMM has filed counterclaims arising from ULC's misleading and unauthorized use of AMM's trademark.  Dkt. 28.  Both parties seek injunctive relief and monetary damages.

### 2.     Relevant Procedural History

On September 10, 2020, AMM sought an extension of the discovery deadline to allow the third parties that AMM subpoenaed — including Google and Microsoft — to complete their production of documents and to allow time for AMM to take their depositions. Dkt. 163. Prior to the Court issuing its ruling on this motion, and in the hope that the Court would extend the deadline, AMM's counsel reached out to Google to streamline the process for scheduling a deposition. Dkt. 180-1.  On December 3, 2020, Google produced documents pertaining to ULC's Google AdWords account.  Dkt 180-2. Google did not produce any documents for ULC's Google Analytics account(s).  Dkt. 180.

---

[1]     AMM is not requesting an extension of the deadline to file motions for summary judgment.  Dkt. 191.

**AMERICAN MARRIAGE MINISTRIES' MOTION FOR
EXTENSION OF TIME  - 2
Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

On December 14, 2020, the Court granted in part AMM's motion. Dkt. 171. The Court extended the fact discovery deadline to January 28, 2021, to permit AMM to take the depositions of Google and Microsoft and to allow Google to complete their production of documents. Dkt. 171.[2]

Following the Court's December 14, 2020, Order, AMM's counsel again reached out to counsel for Google to schedule a deposition. Dkt. 180-3. Counsel for Google responded that its certificate of authenticity and declaration of its custodian of records eliminated the need for a deposition. Dkt. 180-4. On December 22, 2020, counsel for AMM met and conferred with Google's counsel regarding AMM's request for deposition and the Google Analytics records Google had not provided. Dkt. 180. Google asserted that a deposition would be unduly burdensome and again offered to provide a declaration in addition to its certificate of authentication for the Google AdWords documents and in lieu of a deposition. *Id.* Google also contended that it could not produce ULC's Google Analytics records without violating the Stored Communications Act, 18 U.S.C. § 2702 *et seq.* On December 30, 2020, counsel for AMM reiterated its position that a deposition was necessary and that AMM intended to file a motion to compel. Dkt. 180-5. On January 8, 2021, counsel for Google informed counsel for AMM that it had retained outside counsel to represent Google regarding AMM's Motion to Compel. Dkt. 180-6. On January 7, 2021, AMM filed a Motion to Compel Deposition Testimony and Production of Documents from Google. Dkt. 172. On January 12, 2021, Google's outside counsel served objections to AMM's Motion to Compel. Dkt. 180-7. On January 14, 2021, AMM's counsel informed Google's counsel that it intended to withdraw its Motion to Compel and re-file it in the Northern District of California and then request that court transfer AMM's Motion to Compel to the Western District of Washington. Dkts. 176, 180-8.

///

---

[2]     Microsoft has submitted to a deposition. This motion is solely for the purpose of pursuing a deposition of and document production from Google.

**AMERICAN MARRIAGE MINISTRIES' MOTION FOR**
**EXTENSION OF TIME  - 3**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

AMM retained local counsel in California to assist with filing its Motion to Transfer under Federal Rule of Civil Procedure 45(f) and its Motion to Compel. Roberts Decl., Ex. 9. On January 27, 2021, AMM conferred with counsel for Google on its Motion to Transfer as required by local rule.  Roberts Decl., Ex. 10.  Counsel for Google requested additional time to follow up with Google regarding its position on AMM's Motions.  AMM had a follow-up conferral with counsel for Google on February 12, 2021.  *Id.*  AMM intends to file its Motion to Transfer concurrently with its Motion to Compel with the Northern District of California prior to the current discovery deadline.  AMM is seeking a brief extension of time to complete the motion practice in California and Washington and to take Google's deposition.

Prior to filing this motion, on February 26, 2021, AMM met and conferred with counsel for ULC regarding ULC's position on this motion.  Roberts Decl., Ex. 11.  ULC was unable to take a position on this motion during the conferral because ULC's representatives were unavailable or traveling. Id.

### III.    ARGUMENT

### 1.    Legal Standards

Pursuant to Federal Rule of Civil Procedure 16(b), a case schedule "may be extended where good cause exists and the delay is not caused by the carelessness or less than reasonably diligent action by moving counsel."  *Price v. Equilon Enters., LLC*, No. 2:17-CV-01337-MJP, 2018 WL 6816425, at * 2 (W.D. Wash. May 24, 2018).  Fed. R. Civ. P. 6(b) also permits the Court for "good cause" to extend the time for an act that must be done within a specified time. The Court has discretion to extend a case scheduling deadline.  *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 974 (9th Cir. 2007).  A motion for extension of time filed before a deadline has passed should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

AMERICAN MARRIAGE MINISTRIES' MOTION FOR
EXTENSION OF TIME  - 4
Case No. 2:19-CV-00301-RSL

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1
2

**A.      AMM has Diligently Pursued its Subpoenas for Deposition and Production of Documents from Google**

3

Good cause exists to extend the current fact discovery deadline by an additional 30 days

4

from the date of the Court's Order on this Motion.  AMM has diligently pursued its subpoenas

5

for deposition testimony and production of ULC's Google Analytics records.  While AMM's

6

Motion for Clarification and Extension of Time (Dkt. 163) was pending, AMM reached out to

7

Google to reiterate its intent to take Google's deposition so that Google could identify the

8

appropriate witness and to streamline scheduling the deposition.  Dkt. 180-1.  AMM and Google

9

did not set a deposition date at that time because the Court had not yet extended the discovery

10

deadline. Counsel for AMM followed-up with Google to schedule a mutually agreeable date

11

and time for the deposition as soon as the Court issued its Order granting an extension of the

12

discovery deadline.  Dkt. 180-3.

13

Google responded that it wanted to meet and confer with its in-house counsel regarding

14

AMM's Subpoenas for deposition and production of the Google Analytics records for ULC.

15

Dkt. 180-4.  On December 22, 2020, counsel for AMM met and conferred with counsel for

16

Google regarding AMM's Subpoenas.  Dkt. 180-5.  During this meet and confer, Google

17

objected that a deposition would be unduly burdensome and expensive.  Dkt. 180-6.  Google

18

stated that it had already provided a certificate of authentication for the documents it had

19

produced regarding ULC's Google AdWords account and offered to provide a declaration in

20

lieu of deposition.  *Id.*  Counsel for Google also repeated its objection to producing any

21

documents regarding ULC's Google Analytics account, asserting without analysis that

22

producing these documents would violate the Stored Communications Act 18 U.S.C. § 2702.

23

*Id.*

24

On December 30, 2020, AMM followed up with counsel for Google reiterating its

25

position that a declaration in lieu of deposition would not suffice and that it intended to file a

**AMERICAN MARRIAGE MINISTRIES' MOTION FOR EXTENSION OF TIME  - 5**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

motion to compel if Google would not agree to a deposition and to producing the requested Google Analytics records. Dkt. 180-5. On January 8, 2021, counsel for Google informed AMM's counsel that it had retained outside counsel for purposes of representing Google regarding AMM's Motion to Compel. Dkt. 180-6. AMM filed its Motion to Compel Deposition Testimony and Production of Documents from Google on January 7, 2021. Dkt. 172. On January 12, 2021, Google's new counsel sent AMM objections to AMM's Motion to Compel, stated that it would not submit to this Court's jurisdiction, and demanded that AMM's Motion be withdrawn and refiled with the Northern District of California. Dkt. 180-7. AMM withdrew its Motion to Compel in this Court on January 14, 2021. Dkt. 176. AMM will refile its Motion to Compel in the Northern District of California and seeks to have the Motion transferred to this Court as soon as possible. *Id.*

AMM has diligently pursued its Subpoenas for deposition testimony and production of ULC's Google Analytics records. However, Google has refused to submit to a deposition and produce the analytics documents, necessitating motion practice that cannot be completed by March 1, 2021. AMM retained local counsel in California to assist with filing a Motion to Transfer pursuant to Federal Rule of Civil Procedure 45(f) and its Motion to Compel Production of Documents and Deposition Testimony from Google. Roberts Decl., Ex. 9. AMM's has retained local counsel in California and anticipates that its Motions will be filed by the fact discovery deadline. AMM seeks a brief extension of time of the current fact discovery deadline to complete its motion practice in California and to take Google's deposition.

AMM has not made this Motion in bad faith and granting AMM an additional 30 days will not prejudice ULC. AMM conferred with counsel for ULC regarding this Motion, but ULC was not able to take a position during the conferral. Roberts Decl., Ex. 11. Extending the current

///

///

**AMERICAN MARRIAGE MINISTRIES' MOTION FOR EXTENSION OF TIME  - 6**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1   deadlines for fact discovery will allow AMM to secure documents and deposition testimony that

2   this Court has already identified as important for the claims and counterclaims in this case.

3   Dkts. 127, 171.

4                                   IV.     CONCLUSION

5           For the foregoing reasons, AMM requests that the Court grant its Motion for Extension

6   of Time by extending the current fact discovery deadline to April 1, 2021, to allow AMM to

7   complete its motions practice to compel deposition testimony and production of documents from

8   Google.

9           DATED this 26th day of February 2021.

10                                          BETTS, PATTERSON & MINES, P.S.

11

12                                  By: /s/ Sheeba Roberts
                                          Anne Cohen, WSBA No. 41183
13                                        Sheeba Roberts, *Pro Hac Vice*
                                          Email: acohen@bpmlaw.com
14                                                sroberts@bpmlaw.com

15                                        Kelly A. Mennemeier, WSBA No. 51838
16                                        Nancy V. Stephens, WSBA No. 31510
                                          Benjamin J. Hodges, WSBA No. 49301
17                                        FOSTER GARVEY P.C.
                                          1111 Third Ave., Suite 3000
18                                        Seattle, WA 98101-3292

19                                        Of Attorneys for Maurice King, Lewis King,
20                                        Glen Yoshioka, Dylan Wall, Sarah White, and
                                          American Marriage Ministries

21

22

23

24

25

**AMERICAN MARRIAGE MINISTRIES' MOTION FOR**
**EXTENSION OF TIME  - 7**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2021, the foregoing **AMERICAN MARRIAGE MINISTRIES' MOTION FOR EXTENSION OF TIME** was electronically filed with U.S. District Court for the Western District of Washington through the CM/ECF eFiling system.

I further certify that on February 26, 2021, I served a copy of the foregoing on:

| | |
|---|---|
| Michael P. Matesky, II<br>Matesky Law PLLC<br>4500 9th Ave., NE, Suite 300<br>Seattle, WA  98105<br>**Fax: 206-701-0332**<br>**Email:  mike@mateskylaw.com**<br>**litigation@mateskylaw.com**<br>*Of Attorneys for Plaintiff* | Michael B. Galletch<br>Puget Sound Business & Litigation PLLC<br>411 University Street, Suite 1200<br>Seattle, WA  98101<br>**Fax:  ---**<br>**Email:  mike@psbizlit.com**<br>*Of Attorneys for Plaintiff* |
| Kelly Ann Mennemeier<br>Nancy V. Stephens<br>Benjamin J. Hodges<br>Foster Garvey P.C.<br>1111 Third Ave., Suite 3000<br>Seattle, WA  98101-3299<br>**Fax: 206-447-9700**<br>**Email:  Kelly.mennemeier@foster.com**<br>**Nancy.stephens@foster.com**<br>**Ben.hodges@foster.com**<br>*Of Attorneys for American Marriage Ministries* | |

\_\_\_\_\_ by mailing to each of the foregoing a copy thereof, placed in a sealed envelope addressed as listed above and deposited in the United States mail at Portland, Oregon, and that postage thereon was fully prepaid.

\_\_\_\_\_ by facsimile transmission to the number shown above.

__X__ by additional e-service through the E-Filing system, if party was registered.

__X__ by courtesy email to the email addresses shown above.

*/s/ Carrie J. Cook*
Carrie J. Cook, CP
Legal Assistant/Certified Paralegal

**AMERICAN MARRIAGE MINISTRIES' MOTION FOR**
**EXTENSION OF TIME  - 8**
**Case No. 2:19-CV-00301-RSL**

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988