UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MARRIAGE MINISTRIES, et al.,<br><br>Defendants. | CASE NO. C19-0301RAJ<br><br>ORDER GRANTING MOTION TO SEAL |

Before the court is Defendants Maurice King, Lewis King, Glen Yoshioka, and Dylan Wall and Defendant / Counter-claimant American Marriage Ministries' ("AMM") (collectively, "Defendants"[1]) amended motion to seal exhibits 1, 15-18, and 20 to the amended declaration of Sheeba Roberts in support of Defendants' motion for summary judgment.  (Am. Mot. (Dkt. # 209); *see* Am. Roberts Decl. (Dkt. # 210); Sealed Exs.

---

[1] On July 13, 2021, the parties stipulated to the voluntary dismissal with prejudice of Defendant Sara White.  (7/13/21 Stip. (Dkt. # 223).)

ORDER - 1

(Dkt. # 219 (sealed)).) Plaintiff Universal Life Church Monastery Storehouse ("ULC Monastery") opposes Defendants' motion in part. (Resp. (Dkt. # 216).) The court has reviewed the motion, the submissions in support of and in opposition to the motion, the remainder of the record, and the applicable law. Being fully advised, the court GRANTS Defendants' amended motion to seal.

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Because Defendants have submitted the sealed documents at issue here in support of a motion that is "more than tangentially related to the merits of [this] case," the court applies the compelling reasons standard to determine whether sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-102 (9th Cir. 2016). Under this standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "Compelling reasons" include the protection of trade secrets or "business information that might harm a litigant's competitive standing." *Id.* at 1179. Below, the court applies these standards to the documents at issue.

Exhibit 1 consists of excerpts of the May 5, 2020 deposition testimony of Dallas Goschie, ULC Monastery's operations manager. (Am. Roberts Decl. ¶ 3; Sealed Exs., Ex. 1.) Defendants seek to seal this document pursuant to the parties' stipulated

protective order because ULC Monastery designated this testimony as "Confidential" and "Attorneys Eyes Only." (*See* Stip. Prot. Order (Dkt. # 26) at 5; Am. Mot. at 3-4.) ULC Monastery has proposed redactions to the exhibit to conceal information about its revenues and a "specific [business] practice of ULC Monastery." (Resp. at 7; *see* Goschie Decl. (Dkt. # 217) ¶¶ 4-8 (explaining need for redactions); Galletch Decl. (Dkt. # 218) ¶ 9, Ex. 5 (proposing redactions).) Defendants contend that ULC Monastery's proposed redactions do not obviate the need to seal because Defendants rely on the redacted testimony in their motion for summary judgment. (Am. Mot. at 3-4; Reply at 4-5.) The court agrees that ULC Monastery's business needs provide compelling reasons to maintain the redacted information under seal. Nevertheless, the court also finds that the redacted version of the transcript should be filed on the docket in the interest of public access to that information. Accordingly, the court GRANTS Defendants' motion to seal, DIRECTS the Clerk to maintain exhibit 1 to the amended Roberts declaration under seal, and ORDERS Defendants to file the redacted version of exhibit 1 on the docket within five days of the filing date of this order.

Exhibits 16, 17, and 18 consist of documents produced by ULC Monastery labeled ULC 4759, ULC 4831, and ULC 4835. (Am. Roberts Decl. ¶¶ 17-19; Sealed Exs., Exs. 16-18.) Defendants seek to seal these documents pursuant to the parties' stipulated protective order because ULC Monastery designated them as "Attorneys Eyes Only." (Am. Mot. at 4.) The documents contain Google Analytics data regarding various ULC Monastery websites. (*See* Resp. at 7-9.) ULC Monastery asserts that these documents contain confidential information regarding its business practices and that disclosure could

enable a competitor to gain an unfair advantage in the marketplace. (*Id.*; *see also* Goschie Decl. ¶¶ 9-12 (explaining justifications for sealing).) The court agrees that ULC has met its burden to provide compelling business reasons to maintain the redacted information under seal. Accordingly, the court GRANTS Defendants' motion to seal exhibits 16-18 to the amended Roberts declaration and DIRECTS the Clerk to maintain these exhibits under seal.

Exhibits 15 and 20 consist of documents produced by AMM labeled AMM-3879 and AMM-3800. (Am. Roberts Decl. ¶¶ 16, 21; Sealed Exs., Exs. 15, 20.) Defendants seek to seal these documents pursuant to the parties' stipulated protective order because AMM designated them as "Confidential" and "Attorneys Eyes Only." (Am. Mot. at 4.) They contend that these documents contain confidential and proprietary information regarding AMM's web analytics and financials. (*Id.*; *see also* Reply at 5-6.) ULC Monastery urges the court to deny Defendants' motion to seal these documents because Defendants did not provide factual and legal support for sealing in their motion as required by Local Civil Rule 5(g)(3)(B). (Resp. at 6 (citing Local Rules W.D. Wash. LCR 5(g)(3)(B)).) The court agrees that Defendants should have provided additional factual and legal support in their original motion to seal. Nevertheless, Defendants provided legal authority in support of their motion to seal with their reply (*see* Reply at 5-6) and the court finds that it would be inequitable to grant Defendants' motion to seal ULC Monastery's Google Analytics documents but deny their motion to seal substantially similar documents relating to AMM's website analytics. Accordingly, having found compelling business reasons to maintain AMM's website analytics under

seal, the court GRANTS Defendants' motion to seal exhibits 15 and 20 to the amended Roberts declaration, and DIRECTS the Clerk to maintain these exhibits under seal.

For the foregoing reasons, the court GRANTS Defendants' amended motion to seal (Dkt. # 209). Specifically:

1. The court GRANTS Defendants' motion to seal the unredacted version of exhibit 1 to the amended Roberts declaration (Sealed Exs. (Dkt. # 219), Ex. 1), DIRECTS the Clerk to maintain exhibit 1 to the amended Roberts declaration under seal, and ORDERS Defendants to file the redacted version of exhibit 1 on the docket within five (5) days of the filing date of this order; and

2. The court GRANTS Defendants' motion to seal exhibits 15-18 and 20 to the amended Roberts declaration (Sealed Exs., Exs. 15-18, 20) and DIRECTS the Clerk to maintain these exhibits under seal.

Dated this 31st day of March, 2022.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge