THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAURICE KING, LEWIS KING, GLEN YOSHIOKA, DYLAN WALL, SARA WHITE, and AMERICAN MARRIAGE MINISTRIES, a Washington non-profit corporation,<br><br>Defendants. | Case No. 2:19-CV-00301-RAJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Reconsideration ("Motion"). Dkt. # 231. Having considered the Motion, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, the Court **DENIES** the Motion.

## II. DISCUSSION

Under Local Rule 7(h), motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention

ORDER – 1

earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1). Manifest error is very nearly synonymous with "clear error" under Ninth Circuit precedent. *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (explaining that "[r]econsideration is appropriate" if "the district court committed clear error or the initial decision was manifestly unjust").

Plaintiff Universal Life Church Monastery argues that the Court committed manifest error by granting summary judgment on an issue not raised in Defendant's opening motion. Dkt. # 231 at 2. It contends that Defendant American Marriage Ministries (AMM) moved for summary judgment on a purely legal issue in its opening brief, that is "whether ULC Monastery must establish actual injury to state a claim." *Id.* at 5. In moving for reconsideration, Plaintiff alleges that AMM pivoted to arguing a factual issue on reply, namely the lack of evidence to support a monetary remedy under the Lanham Act. *See id*. The Court granted the motion in part on that basis. Dkt. # 230. However, Plaintiff's claim of manifest error lacks merit for the reasons below.

A.    **Lanham Act Injury**

As stated in the Court's summary judgment order, the Lanham Act does not permit all "factually injured plaintiffs" to recover. Dkt. # 230 at 9. And to survive summary judgment on a false adverting claim, a plaintiff must provide "non-speculative evidence of injury attributable to" Defendants' actions. *Id.* at 10 (citing *Alexander v. Falk*, 828 F. App'x 350, 352-53 (9th Cir. 2020). The Ninth Circuit has held, however, that with a comparative false advertisement claim, a misrepresentation gives rise to a presumed commercial injury that is sufficient to bring the plaintiff within the zone-of-interest to recover. *TrafficSchool.com, Inc., v. Edriver Inc.*, 653 F.3d 820, 826 (9th Cir. 2011) (stating "[w]e have generally presumed commercial injury when defendant and plaintiff are direct competitors and defendant's misrepresentation has a tendency to mislead consumers").

While there is a presumption of injury under *TrafficSchool.com*, the presumption

ORDER – 2

does not extend to damages, or the "amount of harm." *See ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, 648 F. App'x 609, 616 (9th Cir. 2016) (unpublished). As stated in the summary judgment order, the plaintiff "bears the burden to justify any monetary recovery" of either its damages or the defendant's profits. Dkt. # 230 at 12 (first citing *Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1336 (8th Cir. 1997); and then citing *Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1157 (7th Cir. 1994)). Summary judgment is thus proper on a damages claim when the plaintiff "fail[s] to present any evidence of injury resulting from defendants' deception." *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989).

Based on this precedent, the Court declined to extend the presumption of injury to Plaintiff's claim for monetary relief. Dkt. # 230 at 12. To the extent that Plaintiff argues manifest error of law based on this decision, the Court does not find a basis for reconsideration.

**B.    Due Process Violation**

Next, Plaintiff claims that "[i]f AMM had argued in its opening motion that ULC Monastery could not show (a) that AMM's profits are attributable to the false websites, or (b) the amount of AMM's profits attributable to AMM's false advertising, then ULC Monastery would have submitted this evidence in support of its opposition." Dkt. # 231 at 7.

It is well established that the moving party may not raise new facts or arguments in its reply brief for summary judgment so it does not violate the non-moving party's due process rights. *Miller v. Gilbert*, 2018 WL 5112691, at *2 (W.D. Wash. Oct. 18, 2018) (holding the moving party violated due process when it raised new issues in its reply brief for summary judgment); *Joseph v. Renal Care Grp.*, 2016 WL 772799, at *2 n.1 (W.D. Wash. Feb. 29, 2016) (same). Issues raised for the first time in a reply brief are waived. *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996); *see also Texas Farmers Ins. Co. v. Lexington Ins. Co.*, 380 Fed. App'x 604, 608 (9th Cir. 2010).

ORDER – 3

AMM's motion expressly argued that Plaintiff had suffered "no harm," and that Plaintiff "neither alleg[ed] nor request[ed] damages based on injury to its reputation or alleged business." Dkt. # 199 at 10. AMM cited Plaintiff's own admission that it was not seeking damages based on lost income, lost revenue, lost profits, loss of goodwill, or injury to its reputation. *Id*. It is clear AMM put the "amount of harm" suffered at issue in its motion, arguing that since Plaintiff suffered no damages that Plaintiff was not injured.

Plaintiff contends that it can still claim disgorgement of profits as unjust enrichment which does not require a showing of actual injury. Dkt. # 231 at 5-6. This reasoning fails. In *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, as this Court has already explained, in order to recover either actual losses or a disgorgement remedy, the plaintiff bears the burden to prove an evidentiary basis to justify any monetary recovery. 2012 WL 5360972, at *5 (W.D. Wash. Oct. 31, 2012); *see also TrafficSchool.com, Inc.*, 653 F.3d at 831 ("The Lanham Act allows an award of profits only to the extent the award 'shall constitute compensation and not a penalty.'"). Plaintiff simply failed to do that here.

Since Defendants did not raise a new issue in their reply, the Court finds no manifest errors of law or fact in the dismissal order. Accordingly, the Court **DENIES** Plaintiff's motion.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion. Dkt. # 231.

DATED this 10th day of February, 2023.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4